COPY

EISENBERG RAIZMAN THURSTON & WONG LLP
David H. Raizman (SBN 129407)
draizman@ertwllp.com
Melissa Bonfiglio (SBN 223172)
mbonfiglio@ertwllp.com
10880 Wilshire Boulevard, Eleventh Floor
Los Angeles, California 90024
Telephone: (310) 445-4400
Facsimile: (310) 445-4410

Attorneys for Defendant
Barnes & Noble Booksellers, Inc.

ADR E-FILING
ORIGINAL FILED
JUN - 6 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SUSANA CROW,

    Plaintiff,

    v.

BARNES & NOBLE BOOKSELLERS,
INC., a Delaware corporation; , and
DOES 1 through 10, inclusive,

    Defendants.

Case No. C08 02834 EMC

BARNES & NOBLE
BOOKSELLERS, INC.'S NOTICE
OF REMOVAL

[28 U.S.C. §§ 1332(a)(1) & 1441]

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO
PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT defendant Barnes & Noble Booksellers, Inc.
("Barnes & Noble") hereby invokes this Court's jurisdiction and removes the state
court action described below from the Superior Court of the State of California for
the County of Alameda to the United States District Court for the Northern District
of California.

16100

BASIS OF FEDERAL JURISDICTION

1.    This Court has original subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. section 1332(a)(1) because it is a civil action between citizens of different States involving more than $75,000 in controversy.  Accordingly, Barnes & Noble has the right to remove this action to this Court pursuant to 28 U.S.C. section 1441(a).

BACKGROUND AND PROCEDURAL HISTORY

2.    On or about March 13, 2008, plaintiff Susana Crow ("Plaintiff") filed this civil action titled *Susana Crow v. Barnes & Noble Booksellers, Inc., and Does 1 through 10, inclusive, Defendants*, Case No. RG08-376519 in the Superior Court for the County of Alameda (the "State Court Action").

3.    Barnes & Noble was served in the State Court Action only on May 7, 2008 with a copy of the Summons, Complaint, Notice of Case Management Conference and Order, and a Notice of Judicial Assignment For All Purposes (the "Complaint").  A true and correct copy of the Complaint and all related documents is attached to this Notice as Exhibit A.

4.    On June 4, 2008, Barnes & Noble filed an Answer in the State Court Action.  A true and correct copy of the Answer is attached to this Notice as Exhibit B.  The documents attached as Exhibit A and B constitute all process, pleadings and orders filed in the State Court Action.

5.    This Notice of Removal has been timely filed as it was filed within thirty (30) days of Barnes & Noble's receipt of service of the Complaint on May 7, 2008.

6.    Barnes & Noble is informed and believes, and on that basis alleges, that none of the "Doe" defendants in this action have been named or served.  Therefore, it is not necessary to obtain any other defendant's consent to or joinder in this removal.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

2

1    7.    Pursuant to 28 U.S.C. section 1446(d), on this date Barnes & Noble is
2    (1) serving a Notice to Adverse Parties of Filing of Notice of Removal and (2) filing
3    with the California Superior Court a Notice to State Court of Filing of Notice of
4    Removal.

5    DIVERSITY JURISDICTION

6    8.    Diversity of Citizenship:  Complete diversity between plaintiff Susana
7    Crow and defendant Barnes & Noble exists pursuant to 28 U.S.C. section
8    1332(a)(1). At all times material to this Notice and the removal of the State Court
9    Action, Barnes & Noble was, and still is, a Delaware corporation with its principal
10   place of business in New York, New York.  Barnes & Noble is informed and
11   believes and on that basis alleges that Plaintiff was, and still is, a resident and citizen
12   of California.

13   9.    Amount in Controversy:  The amount in controversy in this action
14   exceeds the sum of $75,000, exclusive of interest, as set forth below.

15   a.    The complaint at issue does not specify the amount of damages
16   Plaintiff is seeking, but it includes claims against Barnes & Noble for alleged
17   violations of California Health & Safety Code sections 19955 and 19953, California
18   Civil Code sections 51 and 55, and California Government Code section 4450, all of
19   which relate to access to public facilities for disabled persons.  Plaintiff, a physically
20   disabled adult who uses a wheelchair, claims that she attempted to access the
21   facilities, goods and services at certain Barnes & Noble stores but was unable to do
22   so because of various barriers. (Complaint ¶¶ 2, 12.) The complaint seeks statutory,
23   general and punitive damages not to exceed $75,000, attorneys' fees, and injunctive
24   relief prohibiting the operation of the Barnes & Noble store located at 98 Broadway,
25   Oakland, California, the Barnes & Noble store located at 5604 Baystreet,
26   Emeryville, California, and Barnes & Noble stores in other locations throughout
27   California until Barnes & Noble "provides full and equal access to disabled persons
28   and requiring that such access be immediately provided." (Complaint, Prayer ¶¶1-

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

3

1    4.)

2        b.    <u>Damages</u>: The Complaint seeks damages not to exceed $75,000. For

3    purposes of determining the amount in controversy, Barnes & Noble inquired of

4    Plaintiff the precise amount of damages sought by Plaintiff, but Plaintiff declined to

5    specify an amount. Plaintiff did provide Barnes & Noble with a report indicating

6    three violations of the law at the Barnes & Noble Store in Emeryville, California,

7    but also indicated the same problems existed at between eighteen (18) and twenty-

8    one (21) California stores. In light of Plaintiff's claim of violations at at least

9    eighteen (18) California Barnes & Noble stores, and with an Unruh Civil Rights Act

10   claim that carries with it a statutory minimum of $4,000 in damages for each

11   offense, Plaintiff's claim for damages in this action must be valued at at least

12   $72,000.

13       c.    <u>Injunctive Relief</u>:  Plaintiff is seeking two types of injunctive relief.

14   First, Plaintiff seeks preliminary and permanent injunctive relief requiring Barnes &

15   Noble to "comply forthwith with the applicable statutory requirements relating to

16   access for the disabled." (Complaint ¶ 21.) Plaintiff also seeks injunctive relief

17   "prohibiting operation of the public facility, as a place of public accommodation,

18   until the defendant(s) provide full and equal access to disabled persons."

19   (Complaint, Prayer ¶ 4.). Although the complaint does not specify Barnes &

20   Noble's purported violations of the regulations governing disability access, it refers

21   to a report that sets forth the particular violations (the "Report"). (Complaint ¶¶ 5,

22   7.) Counsel for Barnes & Noble has obtained a copy of the Report from Plaintiff's

23   counsel. The Report lists the following three purported violations:  (i) door pressure

24   in excess of five lbf, (ii) service counters that exceed the permitted 28" to 34"

25   height; and (iii) tables that do not have the required knee clearance. While the

26   Report is specific to the Barnes & Noble store in Emeryville, California, Plaintiff

27   claims that between twelve and fifteen stores in Northern California and

28   approximately six stores in Southern California have been surveyed, and all of the

EISENBERG RAIZMAN THURSTON & WONG LLP
10850 Wilshire Blvd., 11ᵗʰ floor
Los Angeles, California 90024

4

1  stores had the same purported violations.  Moreover, Plaintiff believes that the
2  majority of Barnes & Noble's California stores have the same issues.  There are 86
3  Barnes & Noble stores throughout California.  If Barnes & Noble is required to
4  remediate the three issues discussed in the Report, it will incur costs of at least
5  $75,000.  Moreover, if Barnes & Noble is required to suspend the operation of its
6  stores until these issues are addressed, its losses at any given store will cost tens of
7  thousands of dollars per day at each store.   Accordingly, the injunctive relief sought
8  by Plaintiff would cost Barnes & Noble well in excess of the $75,000 amount in
9  controversy requirement.

10        d.    Attorneys' Fees and Expert Costs:  Plaintiff seeks recovery of
11  attorneys' fees and costs in this action.  (Complaint ¶ 19, Prayer ¶ 3.)  In light of
12  Plaintiff's claimed survey of between eighteen (18) and twenty-one (21) Barnes &
13  Noble stores throughout California, the survey costs alone for this work must exceed
14  $25,000.  Plaintiff's attorneys' fees are unknown, but based on the pleadings and
15  correspondence prepared to date and some oversight of the 18-21 store surveys,
16  attorneys' fees should be at least $3,000.

17        10.    Based on the foregoing, Barnes & Noble respectfully submits that a
18  reasonable reading of the complaint reveals that the amount in controversy in this
19  action exceeds the sum of $75,000, exclusive of interest and costs, and that removal
20  is proper based on the pleadings before this Court.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11ᵗʰ floor
Los Angeles, California 90024

5

1    WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441, Barnes & Noble

2  hereby removes this case from the Superior Court of the State of California for the

3  County of Alameda to the United States District Court for the Northern District of

4  California.

5

6  Dated:  June 5, 2008                    Respectfully submitted,

7                                          EISENBERG RAIZMAN THURSTON & WONG LLP
                                           David H. Raizman
8                                          Melissa B. Bonfiglio

9

10                                         By: _MBBonfiglio_____

11                                              Melissa B. Bonfiglio
                                                Attorneys for Defendant
12                                              Barnes & Noble Booksellers, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

NOTICE OF REMOVAL

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 6, 2008, I served the foregoing document, described as **BARNES & NOBLE BOOKSELLERS, INC.'S NOTICE OF REMOVAL [28 U.S.C. §§ 1332(a)(1) & 1441]** on each interested party in this action, as follows:

Nick V. Avtonomoff, Esq.                Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff        Phone (415) 380-072
P.O. Box 2471                            Fax (415) 388-2161
Mill Valley, CA  94942

⊠     (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

⊠     (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2008, at Los Angeles, California.

_Mary T. Avila_
Mary T. Avila

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 WILSHIRE BLVD., 11TH FLOOR
LOS ANGELES, CALIFORNIA 90024

7



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BARNES & NOBLE BOOKSELLERS, INC.
and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUSANA CROW



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

MAR 13 2008

AT DOROTHY COBBETT DEPUTY
DOROTHY L. LEE

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* RG 8 - 3 7 6 5 1 9 |
|---|---|
| IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF ALAMEDA, UNLIMITED JURISDICTION 1225 Fallon Street, Oakland, CA 94612-4280 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Nick V. Avtonomoff, State Bar #63713
P.O. Box 2471, Mill Valley, CA 94942   415-380-0772; Fax 415-388-2161    PAT S. SWEETEN

| DATE: *(Fecha)* | MAR 13 2008 | Clerk, by *(Secretario)* | DOROTHY L. LEE | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Barnes & Noble Booksellers, Inc.

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
     ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
     ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
     ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 5-7-08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

**EXHIBIT A**



California Business Portal

Secretary of State

**DISCLAIMER:** The information displayed here is current as of FEB 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BARNES & NOBLE BOOKSELLERS, INC. | | |
| Number: C2861543 | Date Filed: 3/27/2006 | Status: active |
| Jurisdiction: DELAWARE | | |
| Address | | |
| 122 FIFTH AVE | | |
| NEW YORK, NY 10111 | | |
| Agent for Service of Process | | |
| CAPITOL CORPORATE SERVICES, INC. | | |
| 455 CAPITOL MALL STE 217 | | |
| SACRAMENTO, CA 95814 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

LAW OFFICES OF NICK V AVTONOMOFF
253 KAREN WAY (415) 771-9633
TIBURON, CA 94920

1148

11-36/1210
2359

Pay to the Order of ___CAPITOL MALL COURIER___ $50.00

___FIFTY and 00/100___ Dollars

**Bank of America**
East Blithedale
715 E Blithedale Ave
Mill Valley CA
415.499.5161

Customer Since 1993

For ___SERVICE BARNES+N___

⑆ 121000358⑆ 1148 ⑇ 23595 ⑇ 10827 ⑈

1  LAW OFFICES OF NICK V. AVTONOMOFF
   Nick V. Avtonomoff, Esq. (State Bar #63713)    MAR 13 2008
2  P.O. Box 2471
   Mill Valley, CA 94942
3  (415) 380-0772; Fax (415) 388-2161        BY DEP DOROTHY L. LEE

4  Attorney for Plaintiff

5

6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             COUNTY OF ALAMEDA, UNLIMITED JURISDICTION

9

10

11  SUSANA CROW,                      )
                                      )
12                                    )    CASE NUMBER
                                      )
13                      Plaintiffs,   )    COMPLAINT  08 - 376519
                                      )
14  vs.                               )
                                      )    COMPLAINT FOR PRELIMINARY/
15  BARNES & NOBLE BOOKSELLERS, INC.) )    PERMANENT INJUNCTION RELIEF
    and DOES 1-10,                    )    AND DAMAGES;    DENIAL   OF
16                                    )    CIVIL   RIGHTS   AND   PUBLIC
                                      )    FACILITIES  TO  HANDICAPPED
17                      Defendants,   )    PERSONS, (CIVIL CODE 51,
                                      )    ET SEQ.); HEALTH AND SAFETY
18                                    )    CODE, SECTION 19955ff)
                                      )
19  _____  )    NO FEDERAL VIOLATIONS PLED

20

21                  ***CLASS ACTION RESERVED***

22

23  Plaintiff, SUSANA CROW, complains of defendant(s), BARNES & NOBLE

24  BOOKSELLERS, INC., (Hereinafter referred to as "DEFENDANT(s)" or

25  "BARNES & NOBLE") and DOES 1-10, as follows:

26

27

28                              -1-

1 | INTRODUCTION

2

3 | 1. ADVOCATES ASSISTING DISABLED AMERICANS (AADA), not a party to
4 | this action, is a California Corporation organized to assist
5 | disabled persons to eliminate discrimination in places of public
6 | accommodation and offer equal opportunities which are extended to
7 | those persons without disabilities.  AADA's intent is to aid in
8 | enforcing the requirements of the law and ensure that every man,
9 | woman and child with a disability can now pass impairment once
10 | closed doors into a bright new era of equality, independence and
11 | freedom.  ADVOCATES ASSISTING DISABLED AMERICANS (AADA) intent is
12 | to aid persons with disabilities with information and support.
13 | AADA reserves the right be included as a party plaintiff.

14

15 | 2.  Plaintiff, SUSANA CROW, at the time of the complained
16 | incident(s), was/is a physically disabled adult suffering from the
17 | permanent impairments of polio.

18

19 | 3. There are other disabled persons who have complained of the
20 | inaccessibility of defendants' place(s) of public accommodation and
21 | may join as plaintiff(s) at some future time.

22

23 | 4. Defendant(s) own(s) and, or operates businesses open to the
24 | public and located at 98 Broadway, Oakland, California 94610 and
25 | 5604 Baystreet, Emeryville, Califonria 94608, and other locations
26 | in the State of California.  Defendant provides services to the
27

28 | -2-

1  general public, including selling books, magazines, and an
2  inventory of music, DVDs and other items. Defendant also provides
3  coffee and food service with dining facilities.   Defendant also
4  provides lounge chairs and reading tables.   Patrons, guests and
5  visitors are invitees for profit, and the facilities come within
6  Title 24 of the California Building Code.

7

8  Barnes & Noble is the World's Largest Bookseller.   Their retail
9  stores, combined with their online operations, sell over
10  300,000,000 books per year.   Barnes & Noble publicizes that they
11  are the second-largest coffeehouse in the United States.   Barnes &
12  Noble represents themselves as "Superstores" and their retail
13  stores average over 25,000 square feet and carry up to 200,000
14  titles.

15

16  Barnes & Noble is traded on the New York Stock Exchange and is a
17  Fortune 500 Company, operating over 800 stores in 50 states.

18

19  Plaintiff(s) alleges that defendant has engaged in a Pattern and
20  Practice of intentional conduct, or in the gross and wilful
21  disregard of the rights of the disabled, which discriminates
22  against the civil and statutory rights of the disabled.

23

24  5.   Plaintiff alleges that defendants were, and continue to be, in
25  violation of State disability access codes and regulations,
26  including, but not limited to the violations that are set forth in
27  the report(s) that will be provide upon confidential communications

28                                 -3-

1  between the parties. Specific violations are not set forth in this
2  Complaint in the good faith belief that settlement negotiations
3  will be benefitted by their omission. If defendant(s) requests, by
4  motion or by direct contact with the plaintiff, that this Complaint
5  be amended to specifically identify Title 24 violations, plaintiff
6  will certainly comply and amend accordingly.

7
8  Additional Violations.    On information and belief, plaintiff
9  alleges that defendants are in violation of additional disability
10 violations as to be discovered upon a formal site inspection.

11
12 6. Plaintiff(s) will seek to amend this Complaint to include all
13 additional defendants, including real estate owners, lessors,
14 lessees, contractors, architects, agents and employees when
15 discovered.

16
17 7. Said failures are in violation of State  law, including, but not
18 limited to, The California Disabled Rights Acts, Section 51, et
19 seq. of the Civil Code of California.  In addition, defendant(s)
20 are in violation of each and every deviation from the California
21 Accessibility  Regulations  and  Interpretations  for  Public
22 Accommodations, California Title 24. Specifically, but not limited
23 to, violations that will be provided to defendant upon reasonable
24 request, and upon formal site inspections.

25
26 8. As a result, plaintiff(s) has suffered damages, and seeks an
27 injunction as required by law. Plaintiff(s) also seeks recovery of
28                                    -4-

1  statutory compensation for   damages, including humiliation,
2  embarrassment, emotional distress, punitive damages and the
3  recovery of attorney fees, expenses, and costs.

4

5  9.  The buildings and businesses as identified are each a "public
6  accommodation or facility" subject to the requirements of
7  California Health & Safety Code, Section 19955 et. seq., and of the
8  California Civil Code, Section 54, et. seq. Such facilities have,
9  since July 1, 1970, undergone "alterations, structural repairs, or
10 additions" subjecting each such facility to disabled access
11 requirements per Section 19959 of the Health & Safety Code.
12 Plaintiff(s) allege, on information and belief, that said
13 facilities underwent alterations and changes in use after the July
14 1, 1982 effective date of Title 24 of the California Code of
15 Regulations, yet also failed to concurrently provide the access for
16 disabled persons required by Title 24 and other provisions of
17 California law.

18

19 10. Plaintiff(s) is informed and believe that each of the
20 defendant(s) herein, including DOES 1 to 10, inclusive, is the
21 agent, ostensible agent, alter ego, master, servant, lessor,
22 lessee, employer, employee, representative, trustor, trustee,
23 landlord, tenant, franchiser, franchisee, joint venturer, parent,
24 wholly owned subsidiary, related entity, partner, and/or associate,
25 or such similar capacity, of each of the other defendant(s), and
26 was at all times acting and performing, or failing to act or
27 perform, within the course and scope of his/her/or its authority in

28                                    -5-

1 | such similar aforementioned capacities, and with the authorization,
2 | consent, permission or ratification of each of the other
3 | defendants, and is legally responsible in some manner for the
4 | events and happenings herein referred to, and in proximately
5 | causing the violations and damages to plaintiff(s) complained of
6 | herein.

7

8 | 11. Plaintiff(s) will seek leave to amend this Complaint when the
9 | true names and capacities, connections, and responsibilities of
10 | defendant(s), and each of them, are ascertained.  Plaintiff(s)
11 | further allege that the acts and omissions of each defendant named
12 | herein were carried out pursuant to,  and as a part of,  a joint
13 | venture and common enterprise participated in by one or more of the
14 | other defendant(s).

15

16 | 12. Within the appropriate statute of limitations prior to the
17 | filing of this action, and on subsequent times thereafter, and at
18 | such times when such acts would have constituted a futile gesture,
19 | plaintiff(s), in a wheelchair, attempted to use the facilities, and
20 | goods and services, but was unable to do so because of the barriers
21 | set forth and identified.  There are other factual disclosures that
22 | will be provided upon reasonable discovery.  Said  denial by
23 | defendants to allow plaintiff(s) reasonable access are in violation
24 | of law.

25

26 | 13.  Plaintiff(s)  alleges,  on  information  and  belief,  that
27 | defendants also denied "full and equal access" to disabled persons

28 | -6-

1  in other aspects at their facilities, and will amend this
2  Complaint, if necessary, according to proof, and upon the
3  opportunity for a full site inspection and further discovery.

4

5                        FIRST CAUSE OF ACTION
              DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A
6            PUBLIC ACCOMMODATION: INACCESSIBLE PUBLIC FACILITIES
             (19955 et. seq. Health & Safety Code, 51, et seq. Civil Code)
7

8  14. Plaintiff(s) alleges, and incorporates by reference, as if
9  fully set forth again herein, paragraphs  1 through 13 of this
10  Complaint.

11

12  15. Plaintiff(s) is a "person(s) with a disability" or "physically
13  handicapped  person"  (hereinafter,  the  words  "physically
14  handicapped" and "physically disabled" are used interchangeably as
15  these words have similar or identical common usage and legal
16  meaning, but the legislative scheme in Part 5.5 Health & Safety
17  Code uses the term "physically handicapped persons", and the Unruh
18  Civil Rights Act, Sections 51 and 52 of the California Civil Code
19  and other statutory measures which refer to the protection of the
20  rights of "individuals with disabilities").

21

22  16. Plaintiff(s), and other similarly situated physically disabled
23  persons who require the use of a wheelchair, was/is unable to use
24  public facilities on a "full and equal" basis unless each such
25  facility is in compliance with the provisions of the Health and
26  Safety Code, Section 19955 et. seq.  Plaintiff(s) is a member of
27  that  portion of the public whose rights are protected by the

28                              -7-

1 | provisions of 19955 et. seq.  Health and Safety Code.  The acts and
2 | omissions of defendants complained of herein were committed in the
3 | COUNTY OF ALAMEDA, State of California.

4

5 | 17. Section 19955 of the Health and Safety Code was enacted "to
6 | ensure that public accommodations or facilities constructed in this
7 | state with private funds  adhere to the  provisions of  Chapter 7
8 | (commencing with Section 4450) of Division 5 of Title 1 of the
9 | Government Code".  Section 19955 also requires that, "when sanitary
10 | facilities are made available for the public, clients or employees
11 | in such accommodations or facilities, they shall be made available
12 | for the physically handicapped".   Title 24, California Code of
13 | Regulations, formerly known as the California Administrative Code,
14 | was in effect at the time of each "alteration, structural repair or
15 | addition" which, on information and belief, occurred at such public
16 | facility since July 1, 1982, thus requiring access complying with
17 | the specifications of Title 24 whenever each such "alteration,
18 | structural repair or addition" is carried out, or a change in
19 | occupancy occurs.   On information and belief, alterations which
20 | additionally triggered access requirements also occurred between
21 | July 1, 1970 and July 1, 1982, and required access pursuant to the
22 | A.S.A. (American Standards Association) Regulations then in effect.

23

24 | 18. As a result of the denial of equal access to the facilities
25 | due to the acts and omissions of defendants in owning, operating,
26 | constructing, altering, and maintaining the subject facility,
27 | plaintiff(s) suffered a violation of Civil Rights, including, but

28

-8-

1  not limited to, rights under Sections 51, et seq, of the Civil
2  Code, and suffered physical injury, discomfort, pain, mental and
3  emotional shock, distress, embarrassment and humiliation, all to
4  his/her damages as hereinafter stated.  Defendants' actions and
5  omissions to act constituted discrimination against plaintiff(s) on
6  the sole basis that he/she was physically disabled and unable,
7  because of the violations created by the defendants,  to use the
8  facilities  on  a  full  and  equal  basis  as  other  persons.
9  Plaintiff(s) also seeks trebling of all actual damages, general and
10  special, as provided by Section 54.3 of the Civil Code.  Claimed
11  damages are not limited to treble damages, but include all damages
12  allowable by law, including minimal statutory damages of $4,000.00
13  per occurrence, but not to exceed a total of $75,000.00.

14

15  19. As a result of defendants' acts and omissions in this regard,
16  plaintiff(s) have been required to incur litigation expenses, costs
17  and attorney fees, as provided by statute, in order to enforce
18  plaintiff(s)'  rights  and  to  enforce  provisions  of  the  law
19  protecting  access  for  disabled  persons  and  prohibiting
20  discrimination against disabled persons.  Plaintiff(s) therefore
21  seeks  recovery  of  all  reasonable  attorney's  fees  and  costs,
22  including multipliers, pursuant to the provisions of Section 54.3
23  of the Civil Code and case law.  Additionally, this lawsuit is
24  intended  not  only  to  obtain  compensation  for  damages  to
25  plaintiff(s), but also to require that those of the defendants who
26  own,  operate  or  lease  the  building, make their facilities
27  accessible to all disabled members of the public, justifying an

28                                    -9-

1  award of "public interest" attorney's fees, litigation expenses and
2  costs pursuant to the provisions of Section 1021.5 of the Code of
3  Civil Procedure.

4

5                          SECOND CAUSE OF ACTION
                              INJUNCTIVE RELIEF
6                       (Government Code, Section 4450)
                     (Health & Safety Code, Section 19953)
7                          (Civil Code, Section 55)

8  20. The acts and omissions of the defendants who currently own,
9  operate, or lease the subject building and businesses, as
10 complained of herein, are continuing on a day by day basis to have
11 the effect of wrongfully excluding plaintiff(s) and other members
12 of the public who are physically disabled wheelchair users from
13 full and equal access to the facility. Such acts and omissions are
14 the cause of humiliation and mental and emotional suffering of
15 plaintiff(s) in that these actions continue to treat plaintiff(s)
16 as an inferior and second class citizen and serve to discriminate
17 against him/her on the sole basis that he/she is a person with
18 disabilities and requires the use of a wheelchair for movement in
19 public places. Plaintiff(s) is unable, so long as such acts and
20 omissions of defendant(s) continue, to achieve full and equal
21 access to and use of described public  facilities.  The acts of
22 defendants have proximately caused, and will continue to cause,
23 irreparable injury to plaintiff(s) and other disabled persons if
24 not enjoined by this court.

25

26 21. Wherefore, plaintiff(s) asks this court to  preliminarily and
27 permanently enjoin any continuing refusal by those of the

28                              -10-

1  defendants which currently own, operate, or lease the subject
2  premises, and building to grant such access to plaintiff(s), and
3  to require such defendant(s) to comply forthwith with the
4  applicable statutory requirements relating to access for the
5  disabled. Such injunctive relief is provided by Government Code,
6  Section 4450 et seq.; Section 19953 of the Health and Safety Code;
7  and, California Civil Code, Section 55, all as hereinafter prayed
8  for.

9

10                              PRAYER
11  Wherefore, plaintiff(s) Prays for Relief as hereinafter stated:

12
13  1. General and compensatory damages in an amount within the
14  jurisdiction of the Superior Court, Unlimited Jurisdiction;

15
16  2. Statutory, general and punitive damages according to proof,
17  including, but not limited to, minimum damages in the sum of $4,000
18  per plaintiff, per occurrence, as provided by California Civil
19  Code, Section 52, total damages, not to exceed $75,000.00.

20
21  3. For attorney fees pursuant to 54.3 and 55 Civil Code, including
22  a multiplier, Section 19953 of the Health and Safety Code, and
23  Section 1021.5 of the California Code of Civil Procedure;

24
25
26  4. For injunctive relief prohibiting operation of the public
27  facility, as a place of public accommodation, until the
28                              -11-

defendant(s) provides full and equal access to disabled persons,
and requiring that such access be immediately provided;

5.   For all costs of suit and litigation expenses;

6.   Such other and further relief as the court may deem just.

Dated: March 11, 2008

Nick V. Avtonomoff
Attorney for Plaintiff

-12-

```
┌  Law Offices of Nick V Avtonomoff      ┐    ┌                              ┐
   Attn: Avtonomoff, Nick V
   P O Box 2471
   Mill Valley, CA   94942
└                                        ┘    └                              ┘
```

## Superior Court of California, County of Alameda

| Crow | |
|---|---|
| **Plaintiff/Petitioner(s)** | No. RG08376519 |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| Barnes & Noble Booksellers, Inc. | **CONFERENCE AND ORDER** |
| **Defendant/Respondent(s)** | Unlimited Jurisdiction |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 07/29/2008 | Department: 16 | Judge: Lawrence John Appel |
|---|---|---|
| Time: 09:00 AM | Location: Administration Building | Clerk: Ana Liza Tumonong |
| | Third Floor | Clerk telephone: (510) 267-6932 |
| | 1221 Oak Street, Oakland CA 94612 | E-mail: |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1504 |

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/17/2008.

By _____

Deputy Clerk

*Superior Court of California, County of Alameda*



## *Notice of Judicial Assignment for All Purposes*

Case Number: RG08376519
Case Title:    Crow VS Barnes & Noble Booksellers, Inc.
Date of Filing: 03/13/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| **Judge:** | **Lawrence John Appel** |
| **Department:** | **16** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA  94612** |
| **Phone Number:** | **(510) 267-6932** |
| **Fax Number:** | **(510) 267-1504** |
| **Email Address:** | |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

<u>General Procedures</u>

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

<div align="center">

ASSIGNED FOR ALL PURPOSES TO
JUDGE Lawrence John Appel
DEPARTMENT 16

</div>

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 16

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held:  Tuesdays through Thursdays from 9:45 a.m. to 4:30 p.m.
- Case Management Conferences are held:  Initial Case Management Conferences: Tuesdays through Fridays at 9:00 a.m.
- Case Management Conference Continuances: Tuesdays through Thursdays at 9:30 a.m.
- Law and Motion matters are heard:  Mondays at 9:00 a.m. and 3:00 p.m.
- Settlement Conferences are heard:  Fridays at 10:00 a.m.
- Ex Parte matters are heard:  Tuesdays and Fridays at 9:00 a.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Phone:          (510) 267-6932

  Fax (510) 272-6171

- Ex Parte Matters
  Phone:          (510)  267-6932

  Fax (510) 272-6171

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website:  www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone: 1-866-223-2244

Dated: 03/14/2008

Executive Officer / Clerk of the Superior Court

By

Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/17/2008

By

Deputy Clerk

1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone:   (310) 445-4400
5  Facsimile:    (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8

ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 4 2008

CLERK OF THE SUPERIOR COURT

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF ALAMEDA

11                                          FILED BY FAX

12  SUSANA CROW,                    │  Case No.  RG08-376519

13          Plaintiff,              │  [Assigned for all purposes to the Hon.
                                    │  Lawrence John Appel]
14          v.                      │
                                    │  ANSWER OF BARNES & NOBLE
15  BARNES & NOBLE BOOKSELLERS, INC., a │  BOOKSELLERS, INC.
    Delaware corporation; , and DOES 1 through 10, │
16  inclusive,                      │  Complaint Filed:  March 13, 2008
                                    │
17          Defendants.             │

18

19

20      Defendant Barnes & Noble Booksellers, Inc. ("Defendant"), by and through the

21  undersigned counsel, responds to the allegations in the unverified complaint (the "Complaint")

22  filed by plaintiff Susana Crow ("Plaintiff") as follows:

23                          GENERAL DENIAL

24      Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant denies

25  each and every material allegation of the Complaint and further denies that Plaintiff is entitled to

26  any relief as alleged in the Complaint or at all.

27

28

ANSWER OF BARNES & NOBLE
BOOKSELLERS, INC.

EXHIBIT B

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

<u>SEPARATE AND ADDITIONAL DEFENSES</u>

Without admitting any of the allegations in the Complaint, Defendant alleges each of the following as separate and additional defenses, expressly reserving all of its rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them:

<u>FIRST SEPARATE AND ADDITIONAL DEFENSE</u>

(Alterations Not Required/Excused)

1.    Plaintiff's claims are barred on the ground and to the extent that Plaintiff's requested alterations are not required or are excused by operation of the relevant statues, regulations and guidelines.

<u>SECOND SEPARATE AND ADDITIONAL DEFENSE</u>

(Not Readily Achievable)

2.    Plaintiff's claims are barred on the ground and to the extent that barriers to access are not readily achievable.

<u>THIRD SEPARATE AND ADDITIONAL DEFENSE</u>

(Pre-Code Construction, Alteration)

3.    Defendant is not obligated to address the barriers alleged in the Complaint to the extent that the structures at issue were constructed and/or altered before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

<u>FOURTH SEPARATE AND ADDITIONAL DEFENSE</u>

(Substantial Compliance)

4.    Plaintiff is not entitled to recover on the claim for relief in this action because Defendant has completely or substantially complied with all applicable requirements.

<u>FIFTH SEPARATE AND ADDITIONAL DEFENSE</u>

(Justification/Excuse)

5.    The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiff has sued.

///

2

EISENBERG RAIZMAN THURSTON & WONG LLP
10850 Wilshire Blvd., 11th floor
Los Angeles, California 90024

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

(No Intentional Discrimination – Cal. Civ. Code § 51)

6.    Plaintiff is not entitled to recover on the claims for relief under the Unruh Civil Rights Act (Civil Code § 51) because Defendant has not engaged in any intentional discrimination.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

(No Injury in Fact)

7.    Plaintiff's claims are barred on the ground and to the extent that Plaintiff has suffered no injury in fact with respect to the facts alleged in the Complaint.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

(No Damages – Cal. Civ. Code §§ 52, 54.3(a))

8.    Plaintiff is not entitled to recover the damages sought in the Complaint because her admittance to and enjoyment of the facility in question was not denied or interfered with by Defendant.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

(No Duplicative Damages – Cal. Civ. Code § 54.3(c))

9.    Plaintiff is not entitled to recover damages under both Section 52 and Section 54.3 of the California Civil Code for the same act or failure to act.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

(Moot)

10.    Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter is adjudicated.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

(Failure to Discharge Condition Precedent – Cal. Civ. Proc. Code § 1021.5)

11.    Plaintiff is not entitled to recover attorneys' fees pursuant to Code of Civil Procedure § 1021.5 because she did not discharge the condition precedent for recovery of such fees.

3

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

1    <u>TWELFTH SEPARATE AND ADDITIONAL DEFENSE</u>

2    (Statute of Limitations)

3        12.    The Complaint, and each purported claim for relief alleged in the Complaint, is

4    barred to the extent that it relies on events that occurred before the period captured by the running

5    of the applicable statute of limitations.

6    <u>THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE</u>

7    (Unclean Hands)

8        13.    The Complaint, and each purported claim for relief alleged in the Complaint, is

9    barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

10   <u>FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE</u>

11   (Estoppel)

12       14.    The Complaint, and each purported claim for relief alleged in the Complaint, fails

13   because Plaintiff is estopped from seeking recovery from Defendant because, among other things,

14   Plaintiff has acted in a manner inconsistent with having enforceable rights as against Defendant.

15   <u>FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE</u>

16   (Waiver)

17       15.    The Complaint, and each purported claim for relief alleged in the Complaint, fails

18   because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the

19   ownership and exercise of the rights claimed in the Complaint.

20   <u>SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE</u>

21   (No Right to Attorneys' Fees – Unreasonably Incurred or Excessive)

22       16.    Plaintiff is not entitled to recover attorneys' fees from Defendants as alleged in the

23   Complaint. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or

24   costs, such fees and costs are barred on the ground and to the extent that they were not reasonably

25   incurred or were incurred at an excessive rate.

26   <u>SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE</u>

27   (No Attorneys' Fees – Failure to Satisfy Elements of Statute)

28       17.    Plaintiff is not entitled to recover attorneys' fees for failure to satisfy the necessary

4

1  elements of prevailing on a claim for attorneys' fees under the statutes alleged.

2  <center>EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE</center>

3  <center>(Standing)</center>

4      18.   Plaintiff lacks standing to receive all of the relief she seeks in the Complaint.

5  <center>PRAYER FOR RELIEF</center>

6  WHEREFORE, Defendant prays as follows:

7      1.   That Plaintiff take nothing by reason of her Complaint;

8      2.   That Defendant be awarded judgment in this action and the Complaint be dismissed

9  with prejudice;

10      3.   For reasonable attorneys' fees and costs of suit incurred in this action; and

11      4.   For such other and further relief as the Court may deem just and proper.

12

13

14  Dated: June 4, 2008          Respectfully submitted,

15            EISENBERG RAIZMAN THURSTON & WONG LLP
          David H. Raizman

16            Melissa B. Bonfiglio

17

18            By: _____
               Melissa B. Bonfiglio

19                 Attorneys for Defendant
               Barnes & Noble Booksellers, Inc.

20
21
22
23
24
25
26
27
28

<center>5</center>

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 WILSHIRE BLVD., 11TH FLOOR
LOS ANGELES, CALIFORNIA 90024

1

## PROOF OF SERVICE

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18
and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor,
4    Los Angeles, California 90024.

5    On June 4, 2008, I served the foregoing document, described as ANSWER OF BARNES
& NOBLE BOOKSELLERS, INC. on each interested party in this action, as follows:
6

7    Nick V. Avtonomoff, Esq.                    Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff             Phone (415) 380-072
8    P.O. Box 2471                              Fax (415) 388-2161
Mill Valley, CA  94942

9

10    ☒     (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope
addressed to each interested party as set forth above. I placed each such envelope, with postage
11    thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in
Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's
12    practice for collection and processing of correspondence for mailing with the United States Postal
Service. Under that practice, the correspondence would be deposited in the United States Postal
13    Service on that same day in the ordinary course of business.

14    ☐     (FEDERAL ONLY) I declare that I am employed in the office of a member of the
bar of this Court at whose direction the service was made.
15

16    I declare under penalty of perjury that the foregoing is true and correct.

17    Executed on June 4, 2008, at Los Angeles, California.

18

19    Mary T. Avila

20

21

22

23

24

25

26

27

28