

1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone:  (310) 445-4400
5  Facsimile:  (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  SUSANA CROW,                    Case No.   CV08-02834 EMC

13            Plaintiff,

14                                  BARNES & NOBLE
                                    BOOKSELLERS, INC.'S
15        v.                        CERTIFICATE OF SERVICE OF
                                    NOTICE TO ADVERSE PARTY
16  BARNES & NOBLE BOOKSELLERS,     AND TO STATE COURT OF
    INC., a Delaware corporation; , and   REMOVAL TO FEDERAL COURT
17  DOES 1 through 10, inclusive,

18

19            Defendants.

20

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, 11th floor
Los Angeles, California 90024

1   I, Mary T. Avila, certify and declare as follows:

2   I am over the age of 18 years and not a party to this action. My business

3   address is Eisenberg Raizman Thurston & Wong LLP, 10880 Wilshire Boulevard,

4   Suite 1101, Los Angeles, California 90024, which is located in the city, county and

5   state where the mailing below took place.

6   On June 6, 2008, I deposited in the United States mail at Los Angeles,

7   California, a copy of defendant Barnes & Noble Booksellers, Inc.'s ("Barnes &

8   Noble") Notice to State Court of Filing of Notice of Removal, dated June 6, 2008, a

9   copy of which is attached to this Certificate as Exhibit A.

10  On June 6, 2008, I deposited in the United States mail at Los Angeles,

11  California, a copy of defendant Barnes & Noble's Notice to Adverse Party of Filing

12  of Notice of Removal, dated June 6, 2008, a copy of which is attached to this

13  Certificate along with the accompanying court papers as Exhibit B.

14  Under the direction of attorneys for defendant Barnes & Noble, on June 6,

15  2008, I also caused defendant Barnes & Noble, Inc.'s Notice to Adverse Party of

16  Filing of Notice of Removal and Notice to State Court of Filing of Notice of

17  Removal (the "Notices") to be filed with the Superior Court for the State of

18  California, County of Alameda, in which the above-captioned case was filed.

19  Attached to the Notices are proofs of service indicating that they were duly

20  served as required by 28 U.S.C. § 1446(d) .

21  I declare under penalty of perjury that the foregoing is true and correct.

22  Executed on June 9, 2008, at Los Angeles, California.

23

24

25  Mary T. Avila

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 WILSHIRE BLVD., 11TH FLOOR
LOS ANGELES, CALIFORNIA 90024

2

CERTIFICATE OF SERVICE OF NOTICE TO
STATE COURT AND ADVERSE PARTY

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 9, 2008, I served the foregoing document, described as **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTIES AND TO STATE COURT OF REMOVAL TO FEDERAL COURT** on each interested party in this action, as follows:

Nick V. Avtonomoff, Esq.                    Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff           Phone (415) 380-072
P.O. Box 2471                               Fax (415) 388-2161
Mill Valley, CA  94942

☒     (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence  for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒     (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2008, at Los Angeles, California.


Mary T. Avila

3



1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone:     (310) 445-4400
5  Facsimile:     (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF ALAMEDA

11

12
   SUSANA CROW,                        Case No. RG08-376519
13
            Plaintiff,                 BARNES & NOBLE BOOKSELLERS,
14                                      INC.'S NOTICE TO STATE COURT OF
        v.                             FILING OF NOTICE OF REMOVAL
15
   BARNES & NOBLE BOOKSELLERS, INC., a
16 Delaware corporation; , and DOES 1 through 10,
   inclusive,
17
            Defendants.
18

19

20

21

22

23

24

25

26

27

28

16103

**ENDORSED
FILED
ALAMEDA COUNTY**

JUN  6 2008

CLERK OF THE SUPERIOR COURT
By ___ M. FRESQUEZ
                        Deputy

**FILED BY FAX**

NOTICE TO STATE COURT OF
FILING NOTICE OF REMOVAL

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

4.

EXHIBIT A

1     TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF AND

2   HER ATTORNEY OF RECORD:

3     PLEASE TAKE NOTICE THAT Defendant Barnes & Noble Booksellers, Inc. has, on the

4   date set forth below, filed a Notice of Removal of the above-captioned action to the United States

5   District Court for the Northern District of California. A copy of the Notice of Removal is attached

6   to this Notice as Exhibit 1. Pursuant to 28 U.S.C. § 1446(d), this Court shall proceed no further

7   unless and until the case is remanded.

8                                   Respectfully submitted,

9
    Dated: June 5, 2008            EISENBERG RAIZMAN THURSTON & WONG LLP
10                                  David H. Raizman
                                    Melissa B. Bonfiglio
11

12                                  By: _MBBnñ8ñ0_____

13                                          Melissa Bonfiglio
                                            Attorneys for Defendant
14                                          Barnes & Noble Booksellers, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

## PROOF OF SERVICE

1
2

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

3
4
5

     On June 6, 2008, I served the foregoing document, described as **NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL** on each interested party in this action, as follows:

6
7

Nick V. Avtonomoff, Esq.         Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff     Phone (415) 380-072
P.O. Box 2471               Fax (415) 388-2161
Mill Valley, CA 94942

8
9
10

     ☒    (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

11
12
13
14

     ☐    (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15
16

     I declare under penalty of perjury that the foregoing is true and correct.

17

     Executed on June 6, 2008, at Los Angeles, California.

18
19
20

Mary T. Ayla

21
22
23
24
25
26
27
28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

3

NOTICE TO STATE COURT OF
FILING NOTICE OF REMOVAL

COPY

1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone:  (310) 445-4400
5  Facsimile:   (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  SUSANA CROW,                         Case No.  C08  02834  EMC

13

14              Plaintiff,               BARNES & NOBLE
                                         BOOKSELLERS, INC.'S NOTICE
15        v.                             OF REMOVAL

16  BARNES & NOBLE BOOKSELLERS,          [28 U.S.C. §§ 1332(a)(1) & 1441]
    INC., a Delaware corporation; , and
17  DOES 1 through 10, inclusive,

18

19              Defendants.

20

21        TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO

22  PLAINTIFF AND HER ATTORNEY OF RECORD:

23        PLEASE TAKE NOTICE THAT defendant Barnes & Noble Booksellers, Inc.

24  ("Barnes & Noble") hereby invokes this Court's jurisdiction and removes the state

25  court action described below from the Superior Court of the State of California for

26  the County of Alameda to the United States District Court for the Northern District

27  of California.

28

16100

EXHIBIT 1                    NOTICE OF REMOVAL

7.

1    BASIS OF FEDERAL JURISDICTION

2       1.    This Court has original subject matter jurisdiction over this action on

3    the basis of diversity of citizenship pursuant to 28 U.S.C. section 1332(a)(1) because

4    it is a civil action between citizens of different States involving more than $75,000

5    in controversy. Accordingly, Barnes & Noble has the right to remove this action to

6    this Court pursuant to 28 U.S.C. section 1441(a).

7    BACKGROUND AND PROCEDURAL HISTORY

8       2.    On or about March 13, 2008, plaintiff Susana Crow ("Plaintiff") filed

9    this civil action titled *Susana Crow v. Barnes & Noble Booksellers, Inc., and Does 1*

10   *through 10, inclusive, Defendants*, Case No. RG08-376519 in the Superior Court for

11   the County of Alameda (the "State Court Action").

12      3.    Barnes & Noble was served in the State Court Action only on May 7,

13   2008 with a copy of the Summons, Complaint, Notice of Case Management

14   Conference and Order, and a Notice of Judicial Assignment For All Purposes (the

15   "Complaint"). A true and correct copy of the Complaint and all related documents

16   is attached to this Notice as Exhibit A.

17      4.    On June 4, 2008, Barnes & Noble filed an Answer in the State Court

18   Action. A true and correct copy of the Answer is attached to this Notice as Exhibit

19   B. The documents attached as Exhibit A and B constitute all process, pleadings and

20   orders filed in the State Court Action.

21      5.    This Notice of Removal has been timely filed as it was filed within

22   thirty (30) days of Barnes & Noble's receipt of service of the Complaint on May 7,

23   2008.

24      6.    Barnes & Noble is informed and believes, and on that basis alleges, that

25   none of the "Doe" defendants in this action have been named or served. Therefore,

26   it is not necessary to obtain any other defendant's consent to or joinder in this

27   removal.

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

1    7.    Pursuant to 28 U.S.C. section 1446(d), on this date Barnes & Noble is

2    (1) serving a Notice to Adverse Parties of Filing of Notice of Removal and (2) filing

3    with the California Superior Court a Notice to State Court of Filing of Notice of

4    Removal.

5    DIVERSITY JURISDICTION

6    8.    Diversity of Citizenship:  Complete diversity between plaintiff Susana

7    Crow and defendant Barnes & Noble exists pursuant to 28 U.S.C. section

8    1332(a)(1).  At all times material to this Notice and the removal of the State Court

9    Action, Barnes & Noble was, and still is, a Delaware corporation with its principal

10   place of business in New York, New York.  Barnes & Noble is informed and

11   believes and on that basis alleges that Plaintiff was, and still is, a resident and citizen

12   of California.

13   9.    Amount in Controversy:  The amount in controversy in this action

14   exceeds the sum of $75,000, exclusive of interest, as set forth below.

15   a.    The complaint at issue does not specify the amount of damages

16   Plaintiff is seeking, but it includes claims against Barnes & Noble for alleged

17   violations of California Health & Safety Code sections 19955 and 19953, California

18   Civil Code sections 51 and 55, and California Government Code section 4450, all of

19   which relate to access to public facilities for disabled persons.  Plaintiff, a physically

20   disabled adult who uses a wheelchair, claims that she attempted to access the

21   facilities, goods and services at certain Barnes & Noble stores but was unable to do

22   so because of various barriers.  (Complaint ¶¶ 2, 12.)  The complaint seeks statutory,

23   general and punitive damages not to exceed $75,000, attorneys' fees, and injunctive

24   relief prohibiting the operation of the Barnes & Noble store located at 98 Broadway,

25   Oakland, California, the Barnes & Noble store located at 5604 Baystreet,

26   Emeryville, California, and Barnes & Noble stores in other locations throughout

27   California until Barnes & Noble "provides full and equal access to disabled persons

28   and requiring that such access be immediately provided."  (Complaint, Prayer ¶¶1-

3

1 4.)

2     b.    Damages: The Complaint seeks damages not to exceed $75,000. For

3 purposes of determining the amount in controversy, Barnes & Noble inquired of

4 Plaintiff the precise amount of damages sought by Plaintiff, but Plaintiff declined to

5 specify an amount. Plaintiff did provide Barnes & Noble with a report indicating

6 three violations of the law at the Barnes & Noble Store in Emeryville, California,

7 but also indicated the same problems existed at between eighteen (18) and twenty-

8 one (21) California stores. In light of Plaintiff's claim of violations at at least

9 eighteen (18) California Barnes & Noble stores, and with an Unruh Civil Rights Act

10 claim that carries with it a statutory minimum of $4,000 in damages for each

11 offense, Plaintiff's claim for damages in this action must be valued at at least

12 $72,000.

13     c.    Injunctive Relief: Plaintiff is seeking two types of injunctive relief.

14 First, Plaintiff seeks preliminary and permanent injunctive relief requiring Barnes &

15 Noble to "comply forthwith with the applicable statutory requirements relating to

16 access for the disabled." (Complaint ¶ 21.) Plaintiff also seeks injunctive relief

17 "prohibiting operation of the public facility, as a place of public accommodation,

18 until the defendant(s) provide full and equal access to disabled persons."

19 (Complaint, Prayer ¶ 4.). Although the complaint does not specify Barnes &

20 Noble's purported violations of the regulations governing disability access, it refers

21 to a report that sets forth the particular violations (the "Report"). (Complaint ¶¶ 5,

22 7.) Counsel for Barnes & Noble has obtained a copy of the Report from Plaintiff's

23 counsel. The Report lists the following three purported violations: (i) door pressure

24 in excess of five lbf, (ii) service counters that exceed the permitted 28" to 34"

25 height; and (iii) tables that do not have the required knee clearance. While the

26 Report is specific to the Barnes & Noble store in Emeryville, California, Plaintiff

27 claims that between twelve and fifteen stores in Northern California and

28 approximately six stores in Southern California have been surveyed, and all of the

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11ᵗʰ floor
Los Angeles, California 90024

4

NOTICE OF REMOVAL.

1   stores had the same purported violations. Moreover, Plaintiff believes that the
2   majority of Barnes & Noble's California stores have the same issues. There are 86
3   Barnes & Noble stores throughout California. If Barnes & Noble is required to
4   remediate the three issues discussed in the Report, it will incur costs of at least
5   $75,000. Moreover, if Barnes & Noble is required to suspend the operation of its
6   stores until these issues are addressed, its losses at any given store will cost tens of
7   thousands of dollars per day at each store. Accordingly, the injunctive relief sought
8   by Plaintiff would cost Barnes & Noble well in excess of the $75,000 amount in
9   controversy requirement.

10           d.      Attorneys' Fees and Expert Costs: Plaintiff seeks recovery of
11   attorneys' fees and costs in this action. (Complaint ¶ 19, Prayer ¶ 3.) In light of
12   Plaintiff's claimed survey of between eighteen (18) and twenty-one (21) Barnes &
13   Noble stores throughout California, the survey costs alone for this work must exceed
14   $25,000. Plaintiff's attorneys' fees are unknown, but based on the pleadings and
15   correspondence prepared to date and some oversight of the 18-21 store surveys,
16   attorneys' fees should be at least $3,000.

17           10.     Based on the foregoing, Barnes & Noble respectfully submits that a
18   reasonable reading of the complaint reveals that the amount in controversy in this
19   action exceeds the sum of $75,000, exclusive of interest and costs, and that removal
20   is proper based on the pleadings before this Court.

21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

5

1    WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441, Barnes & Noble

2  hereby removes this case from the Superior Court of the State of California for the

3  County of Alameda to the United States District Court for the Northern District of

4  California.

5

6  Dated:  June 5, 2008                    Respectfully submitted,

7                                          EISENBERG RAIZMAN THURSTON & WONG LLP
                                           David H. Raizman
8                                          Melissa B. Bonfiglio

9

10                                         By: _Melissa B. Bonfiglio_____

11                                              Melissa B. Bonfiglio
                                                Attorneys for Defendant
12                                              Barnes & Noble Booksellers, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode:vertical">EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024</div>

6

## PROOF OF SERVICE

1

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd.,

4    Eleventh Floor, Los Angeles, California 90024.

5    On June 6, 2008, I served the foregoing document, described as **BARNES & NOBLE BOOKSELLERS, INC.'S NOTICE OF REMOVAL [28 U.S.C. §§ 1332(a)(1) &**

6    **1441]** on each interested party in this action, as follows:

7    Nick V. Avtonomoff, Esq.                  Attorneys for Susana Crow
     Law Offices of Nick V. Avtonomoff          Phone (415) 380-072
8    P.O. Box 2471                              Fax (415) 388-2161
9    Mill Valley, CA 94942

10

11    ☒    (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such

12    envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with

13    Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence  for mailing with the United States Postal Service. Under that practice, the

14    correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

15

16    ☒    (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17

18    I declare under penalty of perjury that the foregoing is true and correct.

19    Executed on June 6, 2008, at Los Angeles, California.

20

21    _Mary T. Ayala_

22    Mary T. Ayala

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 WILSHIRE BLVD., 11TH FLOOR
Los Angeles, California 90024



# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**



*FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)*

FILED

MAR 13 2008

DEPUTY
DOROTHY L. LEE

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BARNES & NOBLE BOOKSELLERS, INC.
and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUSANA CROW

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF ALAMEDA, UNLIMITED JURISDICTION<br>1225 Fallon Street, Oakland, CA 94612-4280 | CASE NUMBER:<br>*(Número del Caso)*<br>R G 0 8   3 7 6 5 1 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Nick V. Avtonomoff, State Bar #63713
P.O. Box 2471, Mill Valley, CA 94942    415-380-0772; Fax 415-388-2161                     PAT S. SWEETEN

| DATE:<br>*(Fecha)* | MAR 13 2008 | Clerk, by<br>*(Secretario)* | DOROTHY L. LEE | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* Barnes ; Noble Booksellers, Inc.

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [X] by personal delivery on *(date):* 5-7-08

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT A**

14.

# California Business Portal

Secretary of State DEBRA BOWEN

DISCLAIMER: The information displayed here is current as of FEB 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BARNES & NOBLE BOOKSELLERS, INC. | | |
| Number: C2861543 | Date Filed: 3/27/2006 | Status: active |
| Jurisdiction: DELAWARE | | |
| Address | | |
| 122 FIFTH AVE | | |
| NEW YORK, NY 10111 | | |
| Agent for Service of Process | | |
| CAPITOL CORPORATE SERVICES, INC. | | |
| 455 CAPITOL MALL STE 217 | | |
| SACRAMENTO, CA 95814 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

LAW OFFICES OF NICK V AVTONOMOFF
253 KAREN WAY (415) 771-9633
TIBURON, CA 94920

1148

11-35/1210
2369

Date 04-30-08

Pay to the Order of _CAPITOL MALL COURIER SERV_ $ 50

_FIFTY 3rd 00/100_ Dollars

Bank of America
East Blithedale
715 E Blithedale Ave
Mill Valley CA
415.499.5161

Customer Since 1993

For _SERVICE BARNES+N_

⑆121000358⑆ 1148⑈ 23595⑈ 108 27⑈

1  LAW OFFICES OF NICK V. AVTONOMOFF
   Nick V. Avtonomoff, Esq. (State Bar #63713)    MAR 13 2008
2  P.O. Box 2471
   Mill Valley, CA 94942
3  (415) 380-0772; Fax (415) 388-2161    BY DEP DOROTHY L. LEE

4  Attorney for Plaintiff

5

6

7         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            COUNTY OF ALAMEDA, UNLIMITED JURISDICTION

9

10

11 SUSANA CROW,                      )
                                     )
12                                   )    CASE NUMBER
                                     )
13                   Plaintiffs,     )    COMPLAINT  08 - 3 7 6 5 1 9
                                     )
14 vs.                               )
                                     )    COMPLAINT FOR PRELIMINARY/
15 BARNES & NOBLE BOOKSELLERS, INC.) PERMANENT INJUNCTION RELIEF
   and DOES 1-10,                    )    AND DAMAGES;    DENIAL   OF
16                                   )    CIVIL  RIGHTS   AND  PUBLIC
                                     )    FACILITIES TO  HANDICAPPED
17                   Defendants,     )    PERSONS, (CIVIL CODE 51,
                                     )    ET SEQ.); HEALTH AND SAFETY
18                                   )    CODE, SECTION 19955ff)
                                     )
19 _____)    NO FEDERAL VIOLATIONS PLED

20

21              ***CLASS ACTION RESERVED***

22

23 Plaintiff, SUSANA CROW, complains of defendant(s), BARNES & NOBLE

24 BOOKSELLERS, INC., (Hereinafter referred to as "DEFENDANT(s)" or

25 "BARNES & NOBLE") and DOES 1-10, as follows:

26

27

28                          -1-

16.

1  INTRODUCTION

2

3  1. ADVOCATES ASSISTING DISABLED AMERICANS (AADA), not a party to
4  this action, is a California Corporation organized to assist
5  disabled persons to eliminate discrimination in places of public
6  accommodation and offer equal opportunities which are extended to
7  those persons without disabilities. AADA's intent is to aid in
8  enforcing the requirements of the law and ensure that every man,
9  woman and child with a disability can now pass impairment once
10  closed doors into a bright new era of equality, independence and
11  freedom. ADVOCATES ASSISTING DISABLED AMERICANS (AADA) intent is
12  to aid persons with disabilities with information and support.
13  AADA reserves the right be included as a party plaintiff.

14

15  2. Plaintiff, SUSANA CROW, at the time of the complained
16  incident(s), was/is a physically disabled adult suffering from the
17  permanent impairments of polio.

18

19  3. There are other disabled persons who have complained of the
20  inaccessibility of defendants' place(s) of public accommodation and
21  may join as plaintiff(s) at some future time.

22

23  4. Defendant(s) own(s) and, or operates businesses open to the
24  public and located at 98 Broadway, Oakland, California 94610 and
25  5604 Baystreet, Emeryville, Califonria 94608, and other locations
26  in the State of California.   Defendant provides services to the

27

28                              -2-

17.

1  general public, including selling books, magazines, and an
2  inventory of music, DVDs and other items. Defendant also provides
3  coffee and food service with dining facilities.   Defendant also
4  provides lounge chairs and reading tables.   Patrons, guests and
5  visitors are invitees for profit,  and the facilities  come  within
6  Title 24 of the California Building Code.

7

8  Barnes & Noble is the World's Largest Bookseller.   Their retail
9  stores,   combined  with  their  online  operations,   sell   over
10 300,000,000 books per year.   Barnes & Noble publicizes that they
11 are the second-largest coffeehouse in the United States.  Barnes &
12 Noble represents themselves as "Superstores" and their retail
13 stores average over 25,000 square feet and carry up to 200,000
14 titles.

15

16 Barnes & Noble is traded on the New York Stock Exchange and is a
17 Fortune 500 Company, operating over 800 stores in 50 states.

18

19 Plaintiff(s) alleges that defendant has engaged in a Pattern and
20 Practice of intentional conduct, or in the gross and wilful
21 disregard of the rights of the disabled, which discriminates
22 against the civil and statutory rights of the disabled.

23

24 5.   Plaintiff alleges that defendants were, and continue to be, in
25 violation of State disability access codes and regulations,
26 including, but not limited to the violations that are set forth in
27 the report(s) that will be provide upon confidential communications

28                                  -3-

18.

1   between the parties. Specific violations are not set forth in this
2   Complaint in the good faith belief that settlement negotiations
3   will be benefitted by their omission. If defendant(s) requests, by
4   motion or by direct contact with the plaintiff, that this Complaint
5   be amended to specifically identify Title 24 violations, plaintiff
6   will certainly comply and amend accordingly.

7

8   Additional Violations.    On information and belief, plaintiff
9   alleges that defendants are in violation of additional disability
10  violations as to be discovered upon a formal site inspection.

11

12  6. Plaintiff(s) will seek to amend this Complaint to include all
13  additional defendants, including real estate owners, lessors,
14  lessees, contractors, architects, agents and employees when
15  discovered.

16

17  7. Said failures are in violation of State  law, including, but not
18  limited to, The California Disabled Rights Acts, Section 51, et
19  seq. of the Civil Code of California. In addition, defendant(s)
20  are in violation of each and every deviation from the California
21  Accessibility  Regulations  and  Interpretations  for  Public
22  Accommodations, California Title 24. Specifically, but not limited
23  to, violations that will be provided to defendant upon reasonable
24  request, and upon formal site inspections.

25

26  8. As a result, plaintiff(s) has suffered damages, and seeks an
27  injunction as required by law. Plaintiff(s) also seeks recovery of

28                                      -4-

1  statutory compensation for damages, including humiliation,
2  embarrassment, emotional distress, punitive damages and the
3  recovery of attorney fees, expenses, and costs.

4

5  9.  The buildings and businesses as identified are each a "public
6  accommodation or facility" subject to the requirements of
7  California Health & Safety Code, Section 19955 et. seq., and of the
8  California Civil Code, Section 54, et. seq. Such facilities have,
9  since July 1, 1970, undergone "alterations, structural repairs, or
10 additions" subjecting each such facility to disabled access
11 requirements per Section 19959 of the Health & Safety Code.
12 Plaintiff(s) allege, on information and belief, that said
13 facilities underwent alterations and changes in use after the July
14 1, 1982 effective date of Title 24 of the California Code of
15 Regulations, yet also failed to concurrently provide the access for
16 disabled persons required by Title 24 and other provisions of
17 California law.

18

19 10. Plaintiff(s) is informed and believe that each of the
20 defendant(s) herein, including DOES 1 to 10, inclusive, is the
21 agent, ostensible agent, alter ego, master, servant, lessor,
22 lessee, employer, employee, representative, trustor, trustee,
23 landlord, tenant, franchiser, franchisee, joint venturer, parent,
24 wholly owned subsidiary, related entity, partner, and/or associate,
25 or such similar capacity, of each of the other defendant(s), and
26 was at all times acting and performing, or failing to act or
27 perform, within the course and scope of his/her/or its authority in

28                              -5-

1  such similar aforementioned capacities, and with the authorization,
2  consent, permission or ratification of each of the other
3  defendants, and is legally responsible in some manner for the
4  events and happenings herein referred to, and in proximately
5  causing the violations and damages to plaintiff(s) complained of
6  herein.

7

8  11. Plaintiff(s) will seek leave to amend this Complaint when the
9  true names and capacities, connections, and responsibilities of
10 defendant(s), and each of them, are ascertained.   Plaintiff(s)
11 further allege that the acts and omissions of each defendant named
12 herein were carried out pursuant to,  and as a part of,  a joint
13 venture and common enterprise participated in by one or more of the
14 other defendant(s).

15

16 12. Within the appropriate statute of limitations prior to the
17 filing of this action, and on subsequent times thereafter, and at
18 such times when such acts would have constituted a futile gesture,
19 plaintiff(s), in a wheelchair, attempted to use the facilities; and
20 goods and services, but was unable to do so because of the barriers
21 set forth and identified.  There are other factual disclosures that
22 will be provided upon reasonable discovery.   Said   denial by
23 defendants to allow plaintiff(s) reasonable access are in violation
24 of law.

25

26 13.  Plaintiff(s)  alleges,  on  information  and  belief,  that
27 defendants also denied "full and equal access" to disabled persons

28                                    -6-

21.

1  in other aspects at their facilities, and will amend this
2  Complaint, if necessary, according to proof, and upon the
3  opportunity for a full site inspection and further discovery.

4

5                          FIRST CAUSE OF ACTION
        DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A
6        PUBLIC ACCOMMODATION: INACCESSIBLE PUBLIC FACILITIES
        (19955 et. seq. Health & Safety Code, 51, et seq. Civil Code)
7

8  14. Plaintiff(s) alleges, and incorporates by reference, as if
9  fully set forth again herein, paragraphs  1 through 13 of this
10 Complaint.

11

12 15. Plaintiff(s) is a "person(s) with a disability" or "physically
13 handicapped   person"   (hereinafter,   the   words   "physically
14 handicapped" and "physically disabled" are used interchangeably as
15 these words have similar or identical common usage and legal
16 meaning, but the legislative scheme in Part 5.5 Health & Safety
17 Code uses the term "physically handicapped persons", and the Unruh
18 Civil Rights Act, Sections 51 and 52 of the California Civil Code
19 and other statutory measures which refer to the protection of the
20 rights of "individuals with disabilities").

21

22 16. Plaintiff(s), and other similarly situated physically disabled
23 persons who require the use of a wheelchair, was/is unable to use
24 public facilities on a "full and equal" basis unless each such
25 facility is in compliance with the provisions of the Health and
26 Safety Code, Section 19955 et. seq. Plaintiff(s) is a member of
27 that  portion of the public whose rights are protected by the

28                                -7-

22.

1    provisions of 19955 et. seq.  Health and Safety Code.  The acts and
2    omissions of defendants complained of herein were committed in the
3    COUNTY OF ALAMEDA, State of California.

4

5    17. Section 19955 of the Health and Safety Code was enacted "to
6    ensure that public accommodations or facilities constructed in this
7    state with private funds  adhere to the  provisions of  Chapter 7
8    (commencing with Section 4450) of Division 5 of Title 1 of the
9    Government Code".  Section 19955 also requires that, "when sanitary
10   facilities are made available for the public, clients or employees
11   in such accommodations or facilities, they shall be made available
12   for the physically handicapped".   Title 24, California Code of
13   Regulations, formerly known as the California Administrative Code,
14   was in effect at the time of each "alteration, structural repair or
15   addition" which, on information and belief, occurred at such public
16   facility since July 1, 1982, thus requiring access complying with
17   the specifications of Title 24 whenever each such "alteration,
18   structural repair or addition" is carried out, or a change in
19   occupancy occurs.   On information and belief, alterations which
20   additionally triggered access requirements also occurred between
21   July 1, 1970 and July 1, 1982, and required access pursuant to the
22   A.S.A. (American Standards Association) Regulations then in effect.

23

24   18. As a result of the denial of equal access to the facilities
25   due to the acts and omissions of defendants in owning, operating,
26   constructing, altering, and maintaining the subject facility,
27   plaintiff(s) suffered a violation of Civil Rights, including, but

28                                   -8-

1  not limited to, rights under Sections 51, et seq, of the Civil
2  Code, and suffered physical injury, discomfort, pain, mental and
3  emotional shock, distress, embarrassment and humiliation, all to
4  his/her damages as hereinafter stated.  Defendants' actions and
5  omissions to act constituted discrimination against plaintiff(s) on
6  the sole basis that he/she was physically disabled and unable,
7  because of the violations created by the defendants,  to use the
8  facilities  on  a  full  and  equal  basis  as  other  persons.
9  Plaintiff(s) also seeks trebling of all actual damages, general and
10 special, as provided by Section 54.3 of the Civil Code.  Claimed
11 damages are not limited to treble damages, but include all damages
12 allowable by law, including minimal statutory damages of $4,000.00
13 per occurrence, but not to exceed a total of $75,000.00.

14

15 19. As a result of defendants' acts and omissions in this regard,
16 plaintiff(s) have been required to incur litigation expenses, costs
17 and attorney fees, as provided by statute, in order to enforce
18 plaintiff(s)'  rights  and  to  enforce  provisions  of  the  law
19 protecting  access  for  disabled  persons  and  prohibiting
20 discrimination against disabled persons.  Plaintiff(s) therefore
21 seeks  recovery  of  all  reasonable  attorney's  fees  and  costs,
22 including multipliers, pursuant to the provisions of Section 54.3
23 of the Civil Code and case law.  Additionally, this lawsuit is
24 intended  not  only  to  obtain  compensation  for  damages  to
25 plaintiff(s), but also to require that those of the defendants who
26 own,  operate  or  lease  the  building, make  their  facilities
27 accessible to all disabled members of the public, justifying an

28                                     -9-

24.

1 │ award of "public interest" attorney's fees, litigation expenses and

2 │ costs pursuant to the provisions of Section 1021.5 of the Code of

3 │ Civil Procedure.

4 │

5 │                          SECOND CAUSE OF ACTION
                                INJUNCTIVE RELIEF
6 │                         (Government Code, Section 4450)
                          (Health & Safety Code, Section 19953)
7 │                            (Civil Code, Section 55)

8 │ 20. The acts and omissions of the defendants who currently own,

9 │ operate, or lease the subject building and businesses, as

10 │ complained of herein, are continuing on a day by day basis to have

11 │ the effect of wrongfully excluding plaintiff(s) and other members

12 │ of the public who are physically disabled wheelchair users from

13 │ full and equal access to the facility. Such acts and omissions are

14 │ the cause of humiliation and mental and emotional suffering of

15 │ plaintiff(s) in that these actions continue to treat plaintiff(s)

16 │ as an inferior and second class citizen and serve to discriminate

17 │ against him/her on the sole basis that he/she is a person with

18 │ disabilities and requires the use of a wheelchair for movement in

19 │ public places. Plaintiff(s) is unable, so long as such acts and

20 │ omissions of defendant(s) continue, to achieve full and equal

21 │ access to and use of described public facilities. The acts of

22 │ defendants have proximately caused, and will continue to cause,

23 │ irreparable injury to plaintiff(s) and other disabled persons if

24 │ not enjoined by this court.

25 │

26 │ 21. Wherefore, plaintiff(s) asks this court to preliminarily and

27 │ permanently enjoin any continuing refusal by those of the

28 │                                  -10-

25.

1  defendants which currently own, operate, or lease the subject
2  premises, and building to grant such access to plaintiff(s), and
3  to require such defendant(s) to comply forthwith with the
4  applicable statutory requirements relating to access for the
5  disabled. Such injunctive relief is provided by Government Code,
6  Section 4450 et seq.; Section 19953 of the Health and Safety Code;
7  and, California Civil Code, Section 55, all as hereinafter prayed
8  for.

9

10                                 PRAYER
11  Wherefore, plaintiff(s) Prays for Relief as hereinafter stated:

12

13  1. General and compensatory damages in an amount within the
14  jurisdiction of the Superior Court, Unlimited Jurisdiction;

15

16  2.  Statutory, general and punitive damages according to proof,
17  including, but not limited to, minimum damages in the sum of $4,000
18  per plaintiff, per occurrence, as provided by California Civil
19  Code, Section 52, total damages, not to exceed $75,000.00.

20

21  3. For attorney fees pursuant to 54.3 and 55 Civil Code, including
22  a multiplier, Section 19953 of the Health and Safety Code, and
23  Section 1021.5 of the California Code of Civil Procedure;

24

25

26  4.  For injunctive relief prohibiting operation of the public
27  facility, as a place of public accommodation, until the
28                                 -11-

1  defendant(s) provides full and equal access to disabled persons,
2  and requiring that such  access be immediately provided;

3

4  5.  For all costs of suit and litigation expenses;

5

6  6.  Such other and further relief as the court may deem just.

7

8

9
   Dated: March 11, 2008
10                                    Nick V. Avtonomoff
11                                    Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 -12-

Law Offices of Nick V Avtonomoff
Attn: Avtonomoff, Nick V
P O Box 2471
Mill Valley, CA   94942

## Superior Court of California, County of Alameda

Crow

Plaintiff/Petitioner(s)

VS.

Barnes & Noble Booksellers, Inc.

Defendant/Respondent(s)
(Abbreviated Title)

No. RG08376519

NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER
Unlimited Jurisdiction

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows: ·

| Date: 07/29/2008 | Department: 16 | Judge: Lawrence John Appel |
| Time: 09:00 AM | Location: Administration Building | Clerk: Ana Liza Tumonong |
| | Third Floor | Clerk telephone: (510) 267-6932 |
| | 1221 Oak Street, Oakland CA  94612 | E-mail: |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1504 |

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/17/2008.

By   _____

Deputy Clerk

28.

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG08376519
Case Title:    Crow VS Barnes & Noble Booksellers, Inc.
Date of Filing: 03/13/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| Judge: | Lawrence John Appel |
| Department: | 16 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland CA 94612 |
| Phone Number: | (510) 267-6932 |
| Fax Number: | (510) 267-1504 |
| Email Address: | |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Lawrence John Appel
DEPARTMENT 16

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

<u>Schedule for Department 16</u>

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Tuesdays through Thursdays from 9:45 a.m. to 4:30 p.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Fridays at 9:00 a.m.
- Case Management Conference Continuances: Tuesdays through Thursdays at 9:30 a.m.
- Law and Motion matters are heard: Mondays at 9:00 a.m. and 3:00 p.m.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Tuesdays and Fridays at 9:00 a.m.

<u>Law and Motion Procedures</u>

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Phone:        (510) 267-6932

    Fax (510) 272-6171

- Ex Parte Matters
  Phone:        (510) 267-6932

    Fax (510) 272-6171

<u>Tentative Rulings</u>

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone: 1-866-223-2244

Dated: 03/14/2008                    Executive Officer / Clerk of the Superior Court

                            By    _____
                                        digital
                                              Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

    Executed on 03/17/2008

                            By    _____
                                        digital
                                              Deputy Clerk

1   EISENBERG RAIZMAN THURSTON & WONG LLP
    David H. Raizman (SBN 129407)
2   drraizman@ertwllp.com
    Melissa Bonfiglio (SBN 223172)
3   mbonfiglio@ertwllp.com
    10880 Wilshire Boulevard, Eleventh Floor
4   Los Angeles, California 90024
    Telephone:    (310) 445-4400
5   Facsimile:    (310) 445-4410

6   Attorneys for Defendant
    Barnes & Noble Booksellers, Inc.
7

ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 4 2008

CLERK OF THE SUPERIOR COURT

8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             FOR THE COUNTY OF ALAMEDA

11                       **FILED BY FAX**

12   SUSANA CROW,            Case No. RG08-376519

13          Plaintiff,         [Assigned for all purposes to the Hon.
                          Lawrence John Appel]
14          v.

15   BARNES & NOBLE BOOKSELLERS, INC., a   ANSWER OF BARNES & NOBLE
    Delaware corporation; , and DOES 1 through 10,   BOOKSELLERS, INC.
16   inclusive,

17          Defendants.        Complaint Filed: March 13, 2008

18

19

20

21      Defendant Barnes & Noble Booksellers, Inc. ("Defendant"), by and through the

22   undersigned counsel, responds to the allegations in the unverified complaint (the "Complaint")

23   filed by plaintiff Susana Crow ("Plaintiff") as follows:

24                      **GENERAL DENIAL**

25      Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant denies

26   each and every material allegation of the Complaint and further denies that Plaintiff is entitled to

27   any relief as alleged in the Complaint or at all.

28

ANSWER OF BARNES & NOBLE
BOOKSELLERS, INC.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th Floor
Los Angeles, California 90024

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, 11th floor
Los Angeles, California 90024

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, Defendant alleges each of the following as separate and additional defenses, expressly reserving all of its rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them:

### FIRST SEPARATE AND ADDITIONAL DEFENSE

(Alterations Not Required/Excused)

1.    Plaintiff's claims are barred on the ground and to the extent that Plaintiff's requested alterations are not required or are excused by operation of the relevant statues, regulations and guidelines.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

(Not Readily Achievable)

2.    Plaintiff's claims are barred on the ground and to the extent that barriers to access are not readily achievable.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

(Pre-Code Construction, Alteration)

3.    Defendant is not obligated to address the barriers alleged in the Complaint to the extent that the structures at issue were constructed and/or altered before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

(Substantial Compliance)

4.    Plaintiff is not entitled to recover on the claim for relief in this action because Defendant has completely or substantially complied with all applicable requirements.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

(Justification/Excuse)

5.    The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiff has sued.

///

2

EISENBERG RAIZMAN THURSTON & WONG LLP
10860 Wilshire Blvd., 11th floor
Los Angeles, California 90024

1    **SIXTH SEPARATE AND ADDITIONAL DEFENSE**

2    (No Intentional Discrimination – Cal. Civ. Code § 51)

3        6.    Plaintiff is not entitled to recover on the claims for relief under the Unruh Civil

4    Rights Act (Civil Code § 51) because Defendant has not engaged in any intentional

5    discrimination.

6    **SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

7    (No Injury in Fact)

8        7.    Plaintiff's claims are barred on the ground and to the extent that Plaintiff has

9    suffered no injury in fact with respect to the facts alleged in the Complaint.

10    **EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

11    (No Damages – Cal. Civ. Code §§ 52, 54.3(a))

12        8.    Plaintiff is not entitled to recover the damages sought in the Complaint because her

13    admittance to and enjoyment of the facility in question was not denied or interfered with by

14    Defendant.

15    **NINTH SEPARATE AND ADDITIONAL DEFENSE**

16    (No Duplicative Damages – Cal. Civ. Code § 54.3(c))

17        9.    Plaintiff is not entitled to recover damages under both Section 52 and Section 54.3

18    of the California Civil Code for the same act or failure to act.

19    **TENTH SEPARATE AND ADDITIONAL DEFENSE**

20    (Moot)

21        10.    Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter

22    is adjudicated.

23    **ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

24    (Failure to Discharge Condition Precedent – Cal. Civ. Proc. Code § 1021.5)

25        11.    Plaintiff is not entitled to recover attorneys' fees pursuant to Code of Civil

26    Procedure § 1021.5 because she did not discharge the condition precedent for recovery of such

27    fees.

28

<div align="center">3</div>

ANSWER OF BARNES & NOBLE
BOOKSELLERS, INC.

EISENBERG RAIZMAN THURSTON & WONG LLP
10850 Wilshire Blvd., 11ᵗʰ floor
Los Angeles, California 90024

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

(Statute of Limitations)

12.    The Complaint, and each purported claim for relief alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Unclean Hands)

13.    The Complaint, and each purported claim for relief alleged in the Complaint, is barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Estoppel)

14.    The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff is estopped from seeking recovery from Defendant because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights as against Defendant.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

(Waiver)

15.    The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

(No Right to Attorneys' Fees – Unreasonably Incurred or Excessive)

16.    Plaintiff is not entitled to recover attorneys' fees from Defendants as alleged in the Complaint. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

(No Attorneys' Fees – Failure to Satisfy Elements of Statute)

17.    Plaintiff is not entitled to recover attorneys' fees for failure to satisfy the necessary

4

1  elements of prevailing on a claim for attorneys' fees under the statutes alleged.

2  ## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

3  (Standing)

4  18.    Plaintiff lacks standing to receive all of the relief she seeks in the Complaint.

5  ## PRAYER FOR RELIEF

6  WHEREFORE, Defendant prays as follows:

7  1.    That Plaintiff take nothing by reason of her Complaint;

8  2.    That Defendant be awarded judgment in this action and the Complaint be dismissed

9  with prejudice;

10  3.    For reasonable attorneys' fees and costs of suit incurred in this action; and

11  4.    For such other and further relief as the Court may deem just and proper.

12

13

14  Dated: June 4, 2008                    Respectfully submitted,

15                                         EISENBERG RAIZMAN THURSTON & WONG LLP
                                           David H. Raizman
16                                         Melissa B. Bonfiglio

17

18                                         By: _MBonfiglio_
19                                              Melissa B. Bonfiglio
                                                Attorneys for Defendant
20                                              Barnes & Noble Booksellers, Inc.

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

5

1

## PROOF OF SERVICE

2

3    I am employed in the County of Los Angeles, State of California. I am over the age of 18
and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor,
4    Los Angeles, California 90024.

5    On June 4, 2008, I served the foregoing document, described as ANSWER OF BARNES
& NOBLE BOOKSELLERS, INC. on each interested party in this action, as follows:
6

7    Nick V. Avtonomoff, Esq.                        Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff             Phone (415) 380-072
8    P.O. Box 2471                                 Fax (415) 388-2161
Mill Valley, CA 94942

9

10    ☒     (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope
addressed to each interested party as set forth above. I placed each such envelope, with postage
11    thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in
Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's
12    practice for collection and processing of correspondence for mailing with the United States Postal
Service. Under that practice, the correspondence would be deposited in the United States Postal
13    Service on that same day in the ordinary course of business.

14    ☐     (FEDERAL ONLY) I declare that I am employed in the office of a member of the
bar of this Court at whose direction the service was made.
15

16    I declare under penalty of perjury that the foregoing is true and correct.

17    Executed on June 4, 2008, at Los Angeles, California.

18

19    _Mary Avila_
Mary T. Avila
20

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 WILSHIRE BLVD., 11TH FLOOR
Los Angeles, California 90024

6

ANSWER OF BARNES & NOBLE
BOOKSELLERS, INC.

37.

COPY

1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone:  (310) 445-4400
5  Facsimile:  (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  SUSANA CROW,                          Case No.

13                    Plaintiff,          C08    02834

14         v.                             EMC
                                          BARNES & NOBLE
15                                        BOOKSELLERS, INC.'S
                                          DISCLOSURE STATEMENT
16  BARNES & NOBLE BOOKSELLERS,           PURSUANT TO FEDERAL RULE
    INC., a Delaware corporation; , and   OF CIVIL PROCEDURE 7.1
17  DOES 1 through 10, inclusive,

18

19                    Defendants.

20

21

22

23

24

25

26

27

28

16102

1    TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR

2  ATTORNEYS OF RECORD:

3    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, defendant

4  Barnes & Noble Booksellers, Inc. states that:

5    Barnes & Noble Booksellers, Inc. is a fully-owned subsidiary of Barnes &

6  Noble, Inc., a publicly held corporation.

7

8

9  Dated:  June 5, 2008                    Respectfully submitted,

10                                       EISENBERG RAIZMAN THURSTON & WONG LLP
11                                       David H. Raizman
                                         Melissa B. Bonfiglio
12

13                                       By: _MBBonfiglio_____
14                                             Melissa Bonfiglio
15                                             Attorneys for Defendant
                                               Barnes & Noble Booksellers, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

2

DISCLOSURE STATEMENT

39.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 6, 2008, I served the foregoing document, described as **BARNES & NOBLE BOOKSELLERS, INC.'S DISCLOSURE STATEMENT** on each interested party in this action, as follows:

Nick V. Avtonomoff, Esq.                    Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff           Phone (415) 380-072
P.O. Box 2471                               Fax (415) 388-2161
Mill Valley, CA  94942

☒      (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒      (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2008, at Los Angeles, California.

Mary T. Avila

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11ᵗʰ floor
Los Angeles, California 90024

3

COPY

EISENBERG RAIZMAN THURSTON & WONG LLP
David H. Raizman (SBN 129407)
draizman@ertwllp.com
Melissa B. Bonfiglio (SBN 223172)
mbonfiglio@ertwllp.com
10880 Wilshire Boulevard, Eleventh Floor
Los Angeles, California 90024
Telephone:  (310) 445-4400
Facsimile:  (310) 445-4410

Attorneys for Defendant
Barnes & Noble Booksellers, Inc.

e-FILING

ORIGINAL FILED
JUN 6 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C08  02834

EMC

SUSANA CROW,

Plaintiff,

v.

BARNES & NOBLE BOOKSELLERS, INC., a Delaware corporation; , and DOES 1 through 10, inclusive,

Defendants.

BARNES & NOBLE BOOKSELLERS, INC.'S CERTIFICATION OF INTERESTED ENTITIES AND PERSONS
[Civ. Local Rule 3-16]

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11ᵗʰ floor
Los Angeles, California 90024

16099

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

41.

1     Pursuant to this Court's Civil Local Rule 3-16, the undersigned certifies that

2  the following listed persons, associations of persons, firms, partnerships,

3  corporations (including parent corporations) or other entities (i) have a financial

4  interest in the subject matter in controversy or in a party to the proceeding, or (ii)

5  have a non-financial interest in that subject matter or in a party that could be

6  substantially affected by the outcome of this proceeding:

7     Susana Crow -- Plaintiff

8     Barnes & Noble Booksellers, Inc. -- Defendant

9     Barnes & Noble, Inc. -- Parent corporation of Barnes & Noble Booksellers,

10  Inc.

11

12  Dated:  June 5, 2008         Respectfully submitted,

13                EISENBERG RAIZMAN THURSTON & WONG LLP

14                David H. Raizman
                  Melissa B. Bonfiglio

15

16             By:  _MBBonfiglio_____

17                  Melissa Bonfiglio

18                  Attorneys for Defendant

19                  Barnes & Noble Booksellers, Inc.

20

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

2

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 6, 2008, I served the foregoing document, described as CERTIFICATION OF INTERESTED ENTITIES OR PERSONS on each interested party in this action, as follows:

Nick V. Avtonomoff, Esq.                      Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff             Phone (415) 380-072
P.O. Box 2471                                 Fax (415) 388-2161
Mill Valley, CA  94942

☒    (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒    (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2008, at Los Angeles, California.

_Mary T. Avila_

Mary T. Avila

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Las Angeles, California 90024

3

CERTIFICATION OF INTERESTED
ENTITIES OR PERSONS

43.

**COPY**

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SUSANA CROW, an individual

### DEFENDANTS
BARNES & NOBLE BOOKSELLERS, INC., a Delaware corporation

**C 08    02834    ADR**

**EMC**

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nick V. Avtonomoff (SBN 63713)
P.O. Box 2471
Mill Valley, CA  94612-4280

Attorneys (If Known)
David Raizman (129407) Melissa Bonfiglio (223172)
EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA  90024
Tel: (310)445-4400 Fax: (310)445-4410

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury— | Seizure of | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | Property 21 USC 881 | PROPERTY RIGHTS | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans (Excl. Veterans) | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 660 Occupational | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment | [ ] 345 Marine Product | [ ] 370 Other Fraud | Safety/Health | SOCIAL SECURITY | [ ] 810 Selective Service |
| of Veteran's Benefits | Liability | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | | [ ] 862 Black Lung (923) | Exchange |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle | Property Damage | LABOR | [ ] 863 DIWC/DIWW | [ ] 875 Customer Challenge |
| [ ] 195 Contract Product Liability | Product Liability | [ ] 385 Property Damage | [ ] 710 Fair Labor | (405(g)) | 12 USC 3410 |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury | Product Liability | Standards Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 720 Labor/Mgmt. Relations | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate | [ ] 730 Labor/Mgmt. | FEDERAL TAX SUITS | [ ] 892 Economic Stabilization |
| [ ] 220 Foreclosure | [ ] 442 Employment | Sentence | Reporting & | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | Habeas Corpus: | Disclosure Act | or Defendant) | [ ] 893 Environmental Matters |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 871 IRS—Third Party | [ ] 894 Energy Allocation Act |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | 26 USC 7609 | [ ] 895 Freedom of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities— | [ ] 540 Mandamus & | [ ] 791 Empl. Ret. Inc. | | Information Act |
| | Employment | Other | Security Act | | [ ] 900 Appeal of Fee |
| | [ ] 446 Amer. w/Disabilities— | [ ] 550 Civil Rights | | | Determination Under |
| | Other | [ ] 555 Prison Condition | | | Equal Access to Justice |
| | [X] 440 Other Civil Rights | | | | [ ] 950 Constitutionality of |
| | | | | | State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1441(a); 28 U.S.C. section 1332

Brief description of cause: Violation of California statutes relating to access for disabled persons

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ injunctive relief and unstated damages
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
(See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE
June 6, 2008

SIGNATURE OF ATTORNEY OF RECORD
Melissa Bonfiglio   *[signature]*

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

44.

# . COMMENCEMENT AND ASSIGNMENT OF ACTION

## 3-1. Regular Session.

The Court shall be in continuous session in the following locations: San Francisco Division, Oakland Division and San Jose Division. From time to time sessions may be held at other locations within the district as the Court may order.

## 3-2. Commencement and Assignment of Action.

**(a) Civil Cover Sheet.** Every complaint, petition or other paper initiating a civil action must be filed with a completed civil cover sheet on a form approved by the Court.

**Cross Reference**

> See Civil L.R. 3-6(c) *"Jury Demand; Marking of Civil Cover Sheet Insufficient;"* Civil L.R. 3-7(a) *"Civil Cover Sheet Requirement in Private Securities Actions"*

**(b) Commencement of Action.** An action may be commenced within the meaning of FRCivP 3 at any office of the Clerk for this district. After the matter has been assigned to a Judge, unless ordered or permitted otherwise, all subsequent filings must be made in the Office of the Clerk at the division or location where the assigned Judge maintains chambers.

**(c) Assignment to a Division.** Pursuant to the Court's Assignment Plan, except for Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated. Actions in the excepted categories shall be assigned on a district-wide basis.

**(d) San Francisco and Oakland.** Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division.

**(e) San Jose.** Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division.

**(f) Transfer of Actions and Proceedings.** Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

**3-3. Assignment of Action to a Judge.**

**(a) Assignment.** Immediately upon the filing of any civil action and its assignment to a division of the Court pursuant to Civil L.R. 3-2, the Clerk shall assign it to a Judge pursuant to the Assignment Plan of the Court. The Clerk may not make or change any assignment, except as provided in these local rules or in the Assignment Plan (General Order No. 44).

**(b) Multiple Filings.** Any single action filed in more than one division of this Court shall be transferred pursuant to Civil L.R. 3-2(f).

**(c) Refiled Action.** If any civil action or claim of a civil action is dismissed and is subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12. Upon a determination by a Judge that an action or claim



# United States District Court

## Northern District of California

# Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California

47.

# Table of Contents

A Message from the Chief Judge of the
U.S. District Court ...................................................... 3

How Consent Jurisdiction Works ............................ 5

Potential Benefits of Consenting To Magistrate Judge
Jurisdiction ............................................................... 6

Magistrate Judge Brazil ........................................... 8

Magistrate Judge Chen............................................ 9

Magistrate Judge James......................................... 10

Magistrate Judge Laporte ...................................... 11

Magistrate Judge Larson ........................................ 12

Magistrate Judge Lloyd........................................... 13

Magistrate Judge Seeborg...................................... 14

Magistrate Judge Spero.......................................... 15

Magistrate Judge Trumbull ..................................... 16

Magistrate Judge Vadas ......................................... 17

Magistrate Judge Zimmerman ............................... 18

## A Message from the Chief Judge

## of the U.S. District Court

As you embark on civil litigation in the United States District Court for the Northern District of California—whether as a party to a lawsuit or as an attorney—I encourage you to familiarize yourself with the range of services provided by the court's magistrate judges and especially to consider consenting to have a magistrate judge handle all aspects of your case, up to and including dispositive motions, jury or court trial and the entry of judgment.

The Northern District is one of the few federal trial courts in the country to assign a wide range of civil cases directly to magistrate judges upon filing. As a consequence, the magistrate judges have direct experience with nearly all types of civil matters filed in our court. Because our court is very busy, agreeing to proceed before a magistrate judge often means that the case will be resolved more quickly than if the case remained before a district judge. While consent is customarily given soon after a case is filed, parties may consent to have a magistrate judge preside over their case at any point in the proceedings.

Every magistrate judge in the Northern District underwent a highly competitive selection process and had years of litigation experience before being appointed to the bench. As the biographies that follow demonstrate, each is active in law school teaching and continuing legal education for attorneys. Many have been appointed to important committees within the federal courts.

3

## HOW CONSENT JURISDICTION WORKS

Since 1979, the parties in a civil action have had the option of consenting to have all aspects of their case, including trial, handled by a United States magistrate judge.[1] The Northern District of California has been one of the leaders nationwide in implementing this process. When a civil action is filed in this District, ordinarily it will be randomly assigned for all purposes to either a district judge or a magistrate judge.[2] By local practice, a magistrate judge is assigned a civil caseload approximately 30% that of a district judge's civil caseload, in recognition of a magistrate judge's other duties, such as presiding over settlement conferences. Each magistrate judge typically has about 100 consent cases. In 2007, the magistrate judges completed handling almost 800 civil cases in which they had exercised consent jurisdiction. When a case is initially assigned to a magistrate judge, the plaintiff is given a form to use to either consent to or decline magistrate judge jurisdiction.[3] Plaintiff is also required to serve that form on each defendant. Each party should make a decision regarding magistrate judge jurisdiction as soon as possible, and in any event prior to the case management conference which is generally held about 100 days after the case is filed. Civil L.R. 73-1.

If all parties consent to magistrate jurisdiction, then the magistrate judge to whom the case is assigned will preside over all aspects of the case, through trial. F.R.Civ.P. 73(b). An appeal from the magistrate judge's rulings is made to the appropriate appellate court exactly as if the rulings were from a district judge. F.R.Civ.P. 73(c).

5

A civil case initially assigned to a district judge may also be reassigned to a magistrate judge if all parties consent to magistrate judge jurisdiction. The parties should expect the district judge to ask at the case management conference whether they have considered consenting to a magistrate judge jurisdiction.

Each magistrate judge has an assigned courtroom designed to accommodate civil jury trials. Each magistrate judge has at least one law clerk. Many have a second law clerk in lieu of a secretary.

Magistrate judges are fully integrated into the court's administration, serving on all court committees and chairing some of them.

## POTENTIAL BENEFITS OF CONSENTING TO MAGISTRATE JUDGE JURISDICTION

This District has always recruited experienced trial attorneys of the highest caliber who undergo a merit selection process before being appointed as a magistrate judge. Because of their diverse experiences while in practice and while presiding over civil matters including trials, this District's magistrate judges are able to preside over all types of civil litigation. The biographies of the current magistrate judges are set forth below.

Parties that consent to have their case tried before a magistrate judge will receive a date certain for trial. The right to a speedy trial in felony criminal matters requires district judges to give statutory priority to trying those cases, which can sometimes require that civil trial dates be moved. Unlike district judges, magistrate judges do not preside over felony criminal matters.

6

The historical experience in this District has been that our magistrate judges have virtually always met their scheduled trial dates. Because magistrate judges' trial dockets are generally less crowded than those of district court judges, they are often able to schedule a trial within a year of the filing of the complaint.

## ENDNOTES

1) Federal Magistrate Act of 1979, 28 U.S.C § 636(c)(1).  See also F.R.Civ.P. 73(b).

2) District Judges, sometimes called Article III Judges, are appointed by the President, confirmed with the advice and consent of the Senate and hold their position for life.  Magistrate Judges are appointed by the District Judges of each district following a merit selection process and serve for a period of eight years, subject to reappointment.

3) If the case has been removed from state court, the form is given to the removing party, who is required to serve it on all other parties.

7

53.

## WAYNE D. BRAZIL



**M**agistrate Judge Wayne Brazil was appointed in 1984. He has been the Northern District's ADR Magistrate Judge since the late 1980's. He has presided over jury and court trials in a wide range of civil and criminal cases, including patent, trade secrets, trademark, commercial contract, civil rights, employment, personal injury, maritime, and tax. He has hosted more than 1,500 settlement conferences and published opinions in intellectual property, insurance, civil rights, maritime law, privileges, work product, civil discovery, and case management.

After receiving a B.A. from Stanford, Judge Brazil got his Ph.D. and M.A. from Harvard and his J.D. from Boalt Hall. He practiced civil litigation at Farella, Braun & Martel from 1975-1977. He then became a law professor at the University of California, Hastings College of the Law and at the University of Missouri. He taught civil procedure, constitutional law, criminal procedure, and civil rights from 1978 to 1984. He has authored books on the use of special masters in complex litigation and on settling civil suits, some 30 articles in legal periodicals, and the chapters on Rules 16 and 37 of the Federal Rules of Civil Procedure in Moore's Federal Practice, 3d Ed. He has served on the committees on Civil Rules and Evidence of the Judicial Conference of the United States and on the Ninth Circuit's ADR Committee.

8

54.

## EDWARD M. CHEN



Magistrate Judge Edward M. Chen was appointed in 2001. He has presided over civil and criminal bench and jury trials, as well as hosted more than 500 settlement conferences. A 1975 Order of the Coif graduate of the University of California Boalt Hall School of Law, he clerked for the Honorable Charles B. Renfrew in the Northern District of California and then clerked for the Honorable James R. Browning in the Ninth Circuit Court of Appeals.

Judge Chen worked as a litigation associate at Coblentz, Cahen, McCabe & Breyer, and then as staff counsel of the ACLU Foundation of Northern California. He served as an officer of the California Asian American Judges Association, and as a Master of the Edward J. McFetridge American Inn of Courts. Chief Judge Schroeder of the Ninth Circuit appointed him to the Ninth Circuit Task Force on Self-Represented Litigants, and then as the chair of the Ninth Circuit Implementation Committee on Self-Represented Litigants. He was also appointed chair of the Federal Courts Committee on the California Commission on Access to Justice. He has published cases on discovery, privileges, civil procedure, civil and constitutional rights, international human rights, and criminal procedure. He has also published articles in the California Law Review, Asian Law Journal, George Mason Law Review, and Hastings Communications and Entertainment Law Journal. He has given presentations on such subjects as electronic discovery, patent litigation, employment law, civil rights, national security and constitutional rights, discrimination, case management, alternative dispute resolution, and Asian American legal history. He has taught and lectured on mediation and case management in India and Malaysia. In 2007, he was voted Judge of the Year by the Barristers Club of San Francisco.

9

## MARIA-ELENA JAMES



Magistrate Judge Maria-Elena James was appointed in 1994. She has presided over numerous cases and conducted thousands of settlement conferences. Outside the courtroom, she teaches a number of classes at three Bay Area law schools: University of California Hastings, University of San Francisco, and Golden Gate University. She also co-created a course called *The Roles of Referees and Commissioners* and taught the course, along with another course, at the California Judicial Education and Research College.

A 1978 graduate of the University of San Francisco Law School, she served as director of the Small Claims Court Education Project in the Consumer Fraud Unit of the San Francisco District Attorney's Office. She went on to serve as a deputy public defender in San Francisco, staff attorney for the National Labor Relations Board, and Deputy City Attorney as well as supervising attorney in San Francisco. She then served as a Commissioner in the San Francisco Superior Court for six years. She volunteers as a mock trial judge for all grades of students and serves as a mentor to law students. Her speaking engagements include a 2006 panel on Comparative Racial Justice at the University of Paris, Nanterre and the Assemblee Nationale.

10

## ELIZABETH D. LAPORTE

 Magistrate Judge Elizabeth Laporte was appointed in 1998. She has presided over numerous civil cases through trial or other disposition, including patent, trademark, copyright, employment, civil rights and environmental cases. She also has conducted over 1000 settlement conferences, handled criminal matters, and resolved discovery disputes.

A 1982 graduate of Yale Law School and a Marshall Scholar, with an M.A. in Politics and Economics from Oxford, she clerked for the Honorable Marilyn Hall Patel in the Northern District of California. She was a partner at the boutique litigation firm of Turner & Brorby, and an Administrative Law Judge for the California Department of Insurance. In 1996, she began serving as Chief of Special Litigation for the San Francisco City Attorney's Office, and was named a Lawyer of the Year by *California Lawyer*. She has authored articles on patent litigation and settlement in the *Northern California ABTL [Association of Business Trial Lawyers] Report*, and has written on e-discovery. She regularly speaks on patent litigation, settlement, e-discovery, jury trials, and other topics. She is a past chair of the Magistrate Judge Executive Board of the Ninth Circuit, and a current member of the Jury Trial Improvement Committee of the Ninth Circuit Court of Appeals, the Sedona Conference Working Group on Electronic Document Retention and Production, the Executive Committee of the Litigation Section of the Bar Association of San Francisco, and the Board of Governors for the Northern California Chapter of the Association of Business Trial Lawyers.

11

57.

## JAMES LARSON



Magistrate Judge James Larson was appointed in 1997. He was appointed Chief Magistrate Judge in 2005 for a four year term. He has presided over criminal and civil cases, handled discovery and conducted settlement conferences in a variety of subject areas, including intellectual property, antitrust, contracts, civil rights, employment, environmental, class actions and other statutory liability. He has conducted more than 1,000 mediations and settlement conferences.

He received his undergraduate degree from Stanford University in 1965 and his J.D. from U.C.L.A. law school in 1968, where he was selected for the Moot Court Honors Program. Thereafter he worked in a number of small firms in Los Angeles and the Bay Area, handling admiralty, personal injury, civil rights and criminal matters before founding the law firm of Larson and Weinberg in San Francisco, where he remained until 1990. He then formed his own firm and worked on civil, criminal, trial and appellate cases. He has taught civil trials and criminal pre-trial procedure and has participated for many years in the Intensive Trial Advocacy Program at Cardozo Law School in New York.

Judge Larson has chaired or served on numerous court committees and has appeared on panels of judges and attorneys discussing e-discovery issues, settlement techniques, punitive damages, and bad faith litigation. In December, 2007, he and several other members of the court conducted a comprehensive mediation training program for the High Court Judges of Malaysia.

12

58.

### HOWARD R. LLOYD



Magistrate Judge Howard R. Lloyd was appointed in 2002. He has presided over a variety of civil and criminal trials and has extensive discovery as well as case-dispositive law and motion experience. He has presided over hundreds of settlement conferences in a wide variety of civil cases.

Judge Lloyd earned his undergraduate degree at the College of William and Mary, graduating Phi Beta Kappa, and his law degree from the University of Michigan Law School. He then worked as a civil trial and appellate lawyer for 30 years with a prominent San Jose law firm and personally tried many cases and argued dozens of appeals. He practiced in all areas, but especially employment, intellectual property, and commercial law. He then worked for 2 years as an independent and full time arbitrator and mediator. While in private practice Judge Lloyd was selected for voluntary service as an Early Neutral Evaluator (N.D. CA), mediator (California Court of Appeals), and Settlement Judge Pro Tem (Santa Clara County Superior Court). He is a frequent presenter at continuing education courses for attorneys and currently teaches at Santa Clara University Law School.

13

## RICHARD SEEBORG



**M**agistrate Judge Richard Seeborg was appointed in 2001. Since joining the Court, he has presided over numerous bench and jury trials and has conducted hundreds of settlement conferences on all manner of federal civil cases. Judge Seeborg received his B.A., *summa cum laude*, Phi Beta Kappa, from Yale College in 1978. He then went to Columbia University School of Law in 1981, where he was a Harlan Fiske Stone Scholar. Following graduation from law school he served as a law clerk to the Honorable Judge John H. Pratt, district court judge in Washington, D.C. In 1982, he joined Morrison & Foerster's San Francisco office in the litigation department, becoming a partner in 1987.

From 1991 to 1998, Judge Seeborg served as an Assistant U.S. Attorney for the Northern District of California in San Jose. In that capacity, he acted as lead prosecutor on a wide range of matters including complex white collar criminal cases. He re-joined Morrison & Foerster in March 1998, where he resumed a litigation practice in the fields of securities, intellectual property, and general commercial matters.

Judge Seeborg has been a member of the Adjunct Faculty at Santa Clara University School of Law where he has served as co-instructor for a course on Federal Criminal Litigation and has served as co-chair of the Federal Courts Committee of the Santa Clara County Bar Association and as a member of the Executive Committee of Magistrate Judges for the Ninth Circuit. At present, he is a member of the Working Group on Electronic Public Access for the United States Courts and a member the Ninth Circuit Jury Instructions Committee. He is a co-author of Federal Pretrial Civil Procedure in California, a four-volume treatise published by Lexis Nexis.

14

## JOSEPH C. SPERO



Magistrate Judge Joseph C. Spero was appointed in 1999. He has presided over criminal and civil trials in a variety of subject areas, including patent, employment, civil rights, commercial contract, trademark, and federal misdemeanor cases. He has participated in over 1000 settlement conferences. He serves as chairman of the court's Capital Habeas Committee, and as a member of the court's Technology and Practice Committees.

A 1981 graduate of Columbia University School of Law, he clerked for the United States Court of Appeals for the Ninth Circuit. He worked as an associate at Skadden, Arps, Slate, Meagher & Flom, and as associate then partner at Coblentz, Cahen, McCabe & Breyer (now Coblentz, Patch, Duffy & Bass). While in private practice, he trained as a mediator at Harvard Law School and served as a mediator in the Northern District's Alternative Dispute Resolution Program. He also served as a Judge Pro-Tem for the San Francisco County Superior Court. He served as pro bono counsel in a variety of cases, including federal capital habeas matters. As a result, he received the Thurgood Marshall Award from the Bar Association of the City of New York.

15

## PATRICIA V. TRUMBULL



Magistrate Judge Patricia V. Trumbull was appointed in 1987. She served as Chief Magistrate Judge from 2001 to 2005. She has presided over numerous civil and criminal trials and thousands of settlement conferences.

Judge Trumbull received her undergraduate degree from University of California Davis and her law degree. at the Georgetown University Law Center in Washington, D.C. While at Georgetown, she interned at the Department of Justice. After graduating, she spent two years as a law clerk to the Honorable Spencer Williams of the U.S. District Court of Northern California. Following the clerkship, she worked for 12 years as an Assistant Federal Public Defender. She has served on numerous court committees and participated in many panel discussions on a variety of litigation issues.

16

## BERNARD ZIMMERMAN



Magistrate Judge Bernard Zimmerman was appointed in 1995. With party consent, he has presided over a wide range of civil cases, including patent, trademark and copyright cases, class actions, contract and employment cases and civil rights, personal injury and admiralty cases. He has presided over more than 30 civil and criminal jury and bench trials and more than 1,000 settlement conferences. He chairs the court's Technology Committee and serves on the Media and Education Committees.

A 1970 graduate of the University of Chicago Law School, he clerked for the Honorable Frederick J.R. Heebe in the Eastern District of Louisiana and then taught law at the Louisiana State University Law Center. Returning to California, he was an associate and then partner at Pillsbury Madison & Sutro where he had a general litigation practice focusing on media, banking, construction, insurance and business issues. In 1995, he served as Legal Consultant to the Third Constitutional Convention of the Commonwealth of the Northern Mariana Islands. For the past two years, he has taught Federal Pretrial Litigation at Hastings College of the Law. He is a master of the Intellectual Property Inn of Court and has participated in numerous panels addressing issues such as ADR, class actions and discovery.

18



1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone:    (310) 445-4400
5  Facsimile:    (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8                                          **FILED BY FAX**

9        SUPERIOR COURT OF THE STATE OF CALIFORNIA

10            FOR THE COUNTY OF ALAMEDA

11

12  SUSANA CROW,                    Case No. RG08-376519

13              Plaintiff,

14        v.                        **BARNES & NOBLE BOOKSELLER,**
                                    **INC.'S NOTICE TO ADVERSE PARTY OF**
15                                  **FILING OF NOTICE OF REMOVAL**
    BARNES & NOBLE BOOKSELLERS, INC., a
16  Delaware corporation; , and DOES 1 through 10,
    inclusive,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

16104

ENDORSED
FILED
ALAMEDA COUNTY

JUN  6 2008

CLERK OF THE SUPERIOR COURT
By ___ M. FRESQUEZ ___
                          Deputy

NOTICE TO ADVERSE PARTY OF FILING
NOTICE OF REMOVAL

EXHIBIT B

1    TO PLAINTIFF AND HER ATTORNEY OF RECORD:

2    PLEASE TAKE NOTICE THAT Defendant Barnes & Noble Booksellers, Inc. has, on the

3    date set forth below, filed a Notice of Removal of the above-captioned action to the United States

4    District Court for the Northern District of California. A copy of the Notice of Removal is attached

5    to this Notice as Exhibit 1.

6                              Respectfully submitted,

7

8    Dated: June 5, 2008                EISENBERG RAIZMAN THURSTON & WONG LLP
                                         David H. Raizman
9                                        Melissa B. Bonfiglio

10

11                              By: _MBBmhxlio_____

12                                        Melissa Bonfiglio
                                          Attorneys for Defendant
13                                        Barnes & Noble Booksellers, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11ᵗʰ floor
Los Angeles, California 90024

2

NOTICE TO ADVERSE PARTY OF FILING OF
NOTICE OF REMOVAL

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 6, 2008, I served the foregoing document, described as **NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL** on each interested party in this action, as follows:

Nick V. Avtonomoff, Esq.                    Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff           Phone (415) 380-072
P.O. Box 2471                               Fax (415) 388-2161
Mill Valley, CA 94942

☒    (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐    (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2008, at Los Angeles, California.

_Mary T. Avila_
Mary T. Avila

3

NOTICE TO ADVERSE PARTY OF FILING OF
NOTICE OF REMOVAL

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

COPY

1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California  90024
   Telephone:  (310) 445-4400
5  Facsimile:  (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8

9                UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12  SUSANA CROW,

13                                      Case No. C08 02834 EMC

14           Plaintiff,
                                        BARNES & NOBLE
15       v.                             BOOKSELLERS, INC.'S NOTICE
                                        OF REMOVAL
16  BARNES & NOBLE BOOKSELLERS,         [28 U.S.C. §§ 1332(a)(1) & 1441]
17  INC., a Delaware corporation; , and
    DOES 1 through 10, inclusive,
18
19           Defendants.
20

21       TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO

22  PLAINTIFF AND HER ATTORNEY OF RECORD:

23       PLEASE TAKE NOTICE THAT defendant Barnes & Noble Booksellers, Inc.

24  ("Barnes & Noble") hereby invokes this Court's jurisdiction and removes the state

25  court action described below from the Superior Court of the State of California for

26  the County of Alameda to the United States District Court for the Northern District

27  of California.

28

16100

EXHIBIT 1                    NOTICE OF REMOVAL

67.

1    BASIS OF FEDERAL JURISDICTION

2    1.    This Court has original subject matter jurisdiction over this action on

3    the basis of diversity of citizenship pursuant to 28 U.S.C. section 1332(a)(1) because

4    it is a civil action between citizens of different States involving more than $75,000

5    in controversy. Accordingly, Barnes & Noble has the right to remove this action to

6    this Court pursuant to 28 U.S.C. section 1441(a).

7    BACKGROUND AND PROCEDURAL HISTORY

8    2.    On or about March 13, 2008, plaintiff Susana Crow ("Plaintiff") filed

9    this civil action titled *Susana Crow v. Barnes & Noble Booksellers, Inc., and Does 1*

10    *through 10, inclusive, Defendants*, Case No. RG08-376519 in the Superior Court for

11    the County of Alameda (the "State Court Action").

12    3.    Barnes & Noble was served in the State Court Action only on May 7,

13    2008 with a copy of the Summons, Complaint, Notice of Case Management

14    Conference and Order, and a Notice of Judicial Assignment For All Purposes (the

15    "Complaint"). A true and correct copy of the Complaint and all related documents

16    is attached to this Notice as Exhibit A.

17    4.    On June 4, 2008, Barnes & Noble filed an Answer in the State Court

18    Action. A true and correct copy of the Answer is attached to this Notice as Exhibit

19    B. The documents attached as Exhibit A and B constitute all process, pleadings and

20    orders filed in the State Court Action.

21    5.    This Notice of Removal has been timely filed as it was filed within

22    thirty (30) days of Barnes & Noble's receipt of service of the Complaint on May 7,

23    2008.

24    6.    Barnes & Noble is informed and believes, and on that basis alleges, that

25    none of the "Doe" defendants in this action have been named or served. Therefore,

26    it is not necessary to obtain any other defendant's consent to or joinder in this

27    removal.

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10860 Wilshire Blvd., 11th floor
Los Angeles, California 90024

2

NOTICE OF REMOVAL

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

1       7.    Pursuant to 28 U.S.C. section 1446(d), on this date Barnes & Noble is

2   (1) serving a Notice to Adverse Parties of Filing of Notice of Removal and (2) filing

3   with the California Superior Court a Notice to State Court of Filing of Notice of

4   Removal.

5       <u>DIVERSITY JURISDICTION</u>

6       8.    <u>Diversity of Citizenship</u>: Complete diversity between plaintiff Susana

7   Crow and defendant Barnes & Noble exists pursuant to 28 U.S.C. section

8   1332(a)(1). At all times material to this Notice and the removal of the State Court

9   Action, Barnes & Noble was, and still is, a Delaware corporation with its principal

10  place of business in New York, New York. Barnes & Noble is informed and

11  believes and on that basis alleges that Plaintiff was, and still is, a resident and citizen

12  of California.

13      9.    <u>Amount in Controversy</u>: The amount in controversy in this action

14  exceeds the sum of $75,000, exclusive of interest, as set forth below.

15      a.    The complaint at issue does not specify the amount of damages

16  Plaintiff is seeking, but it includes claims against Barnes & Noble for alleged

17  violations of California Health & Safety Code sections 19955 and 19953, California

18  Civil Code sections 51 and 55, and California Government Code section 4450, all of

19  which relate to access to public facilities for disabled persons. Plaintiff, a physically

20  disabled adult who uses a wheelchair, claims that she attempted to access the

21  facilities, goods and services at certain Barnes & Noble stores but was unable to do

22  so because of various barriers. (Complaint ¶¶ 2, 12.) The complaint seeks statutory,

23  general and punitive damages not to exceed $75,000, attorneys' fees, and injunctive

24  relief prohibiting the operation of the Barnes & Noble store located at 98 Broadway,

25  Oakland, California, the Barnes & Noble store located at 5604 Baystreet,

26  Emeryville, California, and Barnes & Noble stores in other locations throughout

27  California until Barnes & Noble "provides full and equal access to disabled persons

28  and requiring that such access be immediately provided." (Complaint, Prayer ¶¶1-

3

NOTICE OF REMOVAL

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

1  4.)

2      b.    Damages:  The Complaint seeks damages not to exceed $75,000.  For

3  purposes of determining the amount in controversy, Barnes & Noble inquired of

4  Plaintiff the precise amount of damages sought by Plaintiff, but Plaintiff declined to

5  specify an amount.  Plaintiff did provide Barnes & Noble with a report indicating

6  three violations of the law at the Barnes & Noble Store in Emeryville, California,

7  but also indicated the same problems existed at between eighteen (18) and twenty-

8  one (21) California stores.  In light of Plaintiff's claim of violations at at least

9  eighteen (18) California Barnes & Noble stores, and with an Unruh Civil Rights Act

10  claim that carries with it a statutory minimum of $4,000 in damages for each

11  offense, Plaintiff's claim for damages in this action must be valued at at least

12  $72,000.

13      c.    Injunctive Relief:  Plaintiff is seeking two types of injunctive relief.

14  First, Plaintiff seeks preliminary and permanent injunctive relief requiring Barnes &

15  Noble to "comply forthwith with the applicable statutory requirements relating to

16  access for the disabled."  (Complaint ¶ 21.)  Plaintiff also seeks injunctive relief

17  "prohibiting operation of the public facility, as a place of public accommodation,

18  until the defendant(s) provide full and equal access to disabled persons."

19  (Complaint, Prayer ¶ 4.).  Although the complaint does not specify Barnes &

20  Noble's purported violations of the regulations governing disability access, it refers

21  to a report that sets forth the particular violations (the "Report").  (Complaint ¶¶ 5,

22  7.)  Counsel for Barnes & Noble has obtained a copy of the Report from Plaintiff's

23  counsel.  The Report lists the following three purported violations:  (i) door pressure

24  in excess of five lbf, (ii) service counters that exceed the permitted 28" to 34"

25  height; and (iii) tables that do not have the required knee clearance.  While the

26  Report is specific to the Barnes & Noble store in Emeryville, California, Plaintiff

27  claims that between twelve and fifteen stores in Northern California and

28  approximately six stores in Southern California have been surveyed, and all of the

4

1  stores had the same purported violations.  Moreover, Plaintiff believes that the
2  majority of Barnes & Noble's California stores have the same issues.  There are 86
3  Barnes & Noble stores throughout California.  If Barnes & Noble is required to
4  remediate the three issues discussed in the Report, it will incur costs of at least
5  $75,000.  Moreover, if Barnes & Noble is required to suspend the operation of its
6  stores until these issues are addressed, its losses at any given store will cost tens of
7  thousands of dollars per day at each store.  Accordingly, the injunctive relief sought
8  by Plaintiff would cost Barnes & Noble well in excess of the $75,000 amount in
9  controversy requirement.

10       d.    <u>Attorneys' Fees and Expert Costs</u>:  Plaintiff seeks recovery of
11  attorneys' fees and costs in this action.  (Complaint ¶ 19, Prayer ¶ 3.)  In light of
12  Plaintiff's claimed survey of between eighteen (18) and twenty-one (21) Barnes &
13  Noble stores throughout California, the survey costs alone for this work must exceed
14  $25,000.  Plaintiff's attorneys' fees are unknown, but based on the pleadings and
15  correspondence prepared to date and some oversight of the 18-21 store surveys,
16  attorneys' fees should be at least $3,000.

17       10.    Based on the foregoing, Barnes & Noble respectfully submits that a
18  reasonable reading of the complaint reveals that the amount in controversy in this
19  action exceeds the sum of $75,000, exclusive of interest and costs, and that removal
20  is proper based on the pleadings before this Court.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

5

1    WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441, Barnes & Noble

2  hereby removes this case from the Superior Court of the State of California for the

3  County of Alameda to the United States District Court for the Northern District of

4  California.

5

6  Dated:  June 5, 2008                    Respectfully submitted,

7                                          EISENBERG RAIZMAN THURSTON & WONG LLP

8                                          David H. Raizman
                                           Melissa B. Bonfiglio
9

10                                         By: _MBBonfiglio_____

11                                                Melissa B. Bonfiglio
                                                  Attorneys for Defendant
12                                                Barnes & Noble Booksellers, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 1st floor
Los Angeles, California 90024

6

NOTICE OF REMOVAL

72.

1

## PROOF OF SERVICE

2

3    I am employed in the County of Los Angeles, State of California. I am over the age
of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd.,

4    Eleventh Floor, Los Angeles, California 90024.

5    On June 6, 2008, I served the foregoing document, described as **BARNES & NOBLE
BOOKSELLERS, INC.'S NOTICE OF REMOVAL [28 U.S.C. §§ 1332(a)(1) &**

6    **1441]** on each interested party in this action, as follows:

7    Nick V. Avtonomoff, Esq.                    Attorneys for Susana Crow

8    Law Offices of Nick V. Avtonomoff           Phone (415) 380-072
P.O. Box 2471                                Fax (415) 388-2161

9    Mill Valley, CA  94942

10

11    ☒    (BY MAIL) I placed a true copy of the foregoing document in a sealed
envelope addressed to each interested party as set forth above. I placed each such

12    envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg
Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with

13    Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of
correspondence  for mailing with the United States Postal Service. Under that practice, the

14    correspondence would be deposited in the United States Postal Service on that same day in
the ordinary course of business.

15

16    ☒    (FEDERAL ONLY) I declare that I am employed in the office of a member
of the bar of this Court at whose direction the service was made.

17

18    I declare under penalty of perjury that the foregoing is true and correct.

19    Executed on June 6, 2008, at Los Angeles, California.

20

21    _Mary T. Ayila_

22    Mary T. Ayila

23

24

25

26

27

28

7



# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BARNES & NOBLE BOOKSELLERS, INC.
and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SUSANA CROW



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
FILED

MAR 13 2008

SUNNETT, DEPUTY
DOROTHY L. LEE

SUM-100

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en lo Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA, UNLIMITED JURISDICTION
1225 Fallon Street, Oakland, CA 94612-4280

CASE NUMBER *(Número del Caso)*: **08 376519**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Nick V. Avtonomoff, State Bar #63713
P.O. Box 2471, Mill Valley, CA 94942   415-380-0772; Fax 415-388-2161

PAT S. SWEETEN

| DATE: *(Fecha):* MAR 13 2008 | Clerk, by DOROTHY L LEE *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Barnes & Noble Booksellers, Inc.

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5-7-08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

# California Business Portal

Secretary of State DEBRA BOWEN

DISCLAIMER: The information displayed here is current as of FEB 15, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| BARNES & NOBLE BOOKSELLERS, INC. | | |
| Number: C2861543 | Date Filed: 3/27/2006 | Status: active |
| Jurisdiction: DELAWARE | | |
| Address | | |
| 122 FIFTH AVE | | |
| NEW YORK, NY 10111 | | |
| Agent for Service of Process | | |
| CAPITOL CORPORATE SERVICES, INC. | | |
| 455 CAPITOL MALL STE 217 | | |
| SACRAMENTO, CA 95814 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

LAW OFFICES OF NICK V AVTONOMOFF
253 KAREN WAY (415) 771-9633
TIBURON, CA 94920

1148

11-35/1210
2369

Date 04-30-08

Pay to the Order of _CAPITOL MALL COURIER SERV_ $ 50.00

_FIFTY and 00/100_                                    Dollars

Bank of America
East Blithedale
715 E Blithedale Ave
Mill Valley CA
415.409.5161

Customer Since 1993

For _SERVICE BARNES+N_

⑆121000358⑈ 1148⑆ 23595⑈ 108 27⑈

1  LAW OFFICES OF NICK V. AVTONOMOFF
2  Nick V. Avtonomoff, Esq. (State Bar #63713)    MAR 13 2008
   P.O. Box 2471
   Mill Valley, CA 94942
3  (415) 380-0772; Fax (415) 388-2161    BY DEPUTY  DOROTHY L. LEE

4  Attorney for Plaintiff

5

6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             COUNTY OF ALAMEDA, UNLIMITED JURISDICTION

9

10

11 SUSANA CROW,                        )
12                                     )
                                       )      CASE NUMBER
13                    Plaintiffs,      )      COMPLAINT  08 - 3 7 6 5 1 9
14 vs.                                 )
                                       )
15 BARNES & NOBLE BOOKSELLERS, INC.)   )      COMPLAINT FOR PRELIMINARY/
   and DOES 1-10,                      )      PERMANENT INJUNCTION RELIEF
16                                     )      AND DAMAGES;   DENIAL   OF
                                       )      CIVIL  RIGHTS  AND  PUBLIC
17                    Defendants,      )      FACILITIES  TO  HANDICAPPED
                                       )      PERSONS, (CIVIL CODE 51,
18                                     )      ET SEQ.); HEALTH AND SAFETY
                                       )      CODE, SECTION 19955ff)
19 _____)
                                              NO FEDERAL VIOLATIONS PLED
20

21                ***CLASS ACTION RESERVED***

22

23 Plaintiff, SUSANA CROW, complains of defendant(s), BARNES & NOBLE

24 BOOKSELLERS, INC., (Hereinafter referred to as "DEFENDANT(s)" or

25 "BARNES & NOBLE") and DOES 1-10, as follows:

26

27

28                        -1-


76.

INTRODUCTION

1. ADVOCATES ASSISTING DISABLED AMERICANS (AADA), not a party to this action, is a California Corporation organized to assist disabled persons to eliminate discrimination in places of public accommodation and offer equal opportunities which are extended to those persons without disabilities. AADA's intent is to aid in enforcing the requirements of the law and ensure that every man, woman and child with a disability can now pass impairment once closed doors into a bright new era of equality, independence and freedom. ADVOCATES ASSISTING DISABLED AMERICANS (AADA) intent is to aid persons with disabilities with information and support. AADA reserves the right be included as a party plaintiff.

2. Plaintiff, SUSANA CROW, at the time of the complained incident(s), was/is a physically disabled adult suffering from the permanent impairments of polio.

3. There are other disabled persons who have complained of the inaccessibility of defendants' place(s) of public accommodation and may join as plaintiff(s) at some future time.

4. Defendant(s) own(s) and, or operates businesses open to the public and located at 98 Broadway, Oakland, California 94610 and 5604 Baystreet, Emeryville, Califonria 94608, and other locations in the State of California. Defendant provides services to the

-2-

77.

1 | general public, including selling books, magazines, and an
2 | inventory of music, DVDs and other items. Defendant also provides
3 | coffee and food service with dining facilities.  Defendant also
4 | provides lounge chairs and reading tables.  Patrons, guests and
5 | visitors are invitees for profit, and the facilities come within
6 | Title 24 of the California Building Code.

7

8 | Barnes & Noble is the World's Largest Bookseller.  Their retail
9 | stores, combined with their online operations, sell over
10 | 300,000,000 books per year.  Barnes & Noble publicizes that they
11 | are the second-largest coffeehouse in the United States.  Barnes &
12 | Noble represents themselves as "Superstores" and their retail
13 | stores average over 25,000 square feet and carry up to 200,000
14 | titles.

15

16 | Barnes & Noble is traded on the New York Stock Exchange and is a
17 | Fortune 500 Company, operating over 800 stores in 50 states.

18

19 | Plaintiff(s) alleges that defendant has engaged in a Pattern and
20 | Practice of intentional conduct, or in the gross and wilful
21 | disregard of the rights of the disabled, which discriminates
22 | against the civil and statutory rights of the disabled.

23

24 | 5.  Plaintiff alleges that defendants were, and continue to be, in
25 | violation of State disability access codes and regulations,
26 | including, but not limited to the violations that are set forth in
27 | the report(s) that will be provide upon confidential communications

28 | -3-

1  between the parties.  Specific violations are not set forth in this
2  Complaint in the good faith belief that settlement negotiations
3  will be benefitted by their omission.  If defendant(s) requests, by
4  motion or by direct contact with the plaintiff, that this Complaint
5  be amended to specifically identify Title 24 violations, plaintiff
6  will certainly comply and amend accordingly.

7

8  Additional Violations.    On  information  and  belief,  plaintiff
9  alleges that defendants are in violation of additional disability
10 violations as to be discovered upon a formal site inspection.

11

12 6. Plaintiff(s) will seek to amend this Complaint to include all
13 additional  defendants,  including  real  estate  owners,  lessors,
14 lessees,  contractors,  architects,  agents  and  employees  when
15 discovered.

16

17 7. Said failures are in violation of State  law, including, but not
18 limited to, The California Disabled Rights Acts, Section 51, et
19 seq. of the Civil Code of California.  In addition, defendant(s)
20 are in violation of each and every deviation from the California
21 Accessibility   Regulations   and   Interpretations   for   Public
22 Accommodations, California Title 24.  Specifically, but not limited
23 to, violations that will be provided to defendant upon reasonable
24 request, and upon formal site inspections.

25

26 8. As a result, plaintiff(s) has suffered damages, and seeks an
27 injunction as required by law.  Plaintiff(s) also seeks recovery of

28                                  -4-

1  statutory compensation for damages, including humiliation,
2  embarrassment, emotional distress, punitive damages and the
3  recovery of attorney fees, expenses, and costs.

4

5  9.  The buildings and businesses as identified are each a "public
6  accommodation or facility" subject to the requirements of
7  California Health & Safety Code, Section 19955 et. seq., and of the
8  California Civil Code, Section 54, et. seq. Such facilities have,
9  since July 1, 1970, undergone "alterations, structural repairs, or
10  additions" subjecting each such facility to disabled access
11  requirements per Section 19959 of the Health & Safety Code.
12  Plaintiff(s) allege, on information and belief, that said
13  facilities underwent alterations and changes in use after the July
14  1, 1982 effective date of Title 24 of the California Code of
15  Regulations, yet also failed to concurrently provide the access for
16  disabled persons required by Title 24 and other provisions of
17  California law.

18

19  10.  Plaintiff(s) is informed and believe that each of the
20  defendant(s) herein, including DOES 1 to 10, inclusive, is the
21  agent, ostensible agent, alter ego, master, servant, lessor,
22  lessee, employer, employee, representative, trustor, trustee,
23  landlord, tenant, franchiser, franchisee, joint venturer, parent,
24  wholly owned subsidiary, related entity, partner, and/or associate,
25  or such similar capacity, of each of the other defendant(s), and
26  was at all times acting and performing, or failing to act or
27  perform, within the course and scope of his/her/or its authority in

28                                    -5-

80.

1 such similar aforementioned capacities, and with the authorization,

2 consent, permission or ratification of each of the other

3 defendants, and is legally responsible in some manner for the

4 events and happenings herein referred to, and in proximately

5 causing the violations and damages to plaintiff(s) complained of

6 herein.

7

8 11. Plaintiff(s) will seek leave to amend this Complaint when the

9 true names and capacities, connections, and responsibilities of

10 defendant(s), and each of them, are ascertained.   Plaintiff(s)

11 further allege that the acts and omissions of each defendant named

12 herein were carried out pursuant to,  and as a part of,  a joint

13 venture and common enterprise participated in by one or more of the

14 other defendant(s).

15

16 12. Within the appropriate statute of limitations prior to the

17 filing of this action, and on subsequent times thereafter, and at

18 such times when such acts would have constituted a futile gesture,

19 plaintiff(s), in a wheelchair, attempted to use the facilities, and

20 goods and services, but was unable to do so because of the barriers

21 set forth and identified.  There are other factual disclosures that

22 will be provided upon reasonable discovery.   Said    denial by

23 defendants to allow plaintiff(s) reasonable access are in violation

24 of law.

25

26 13.  Plaintiff(s)   alleges,   on   information   and   belief,   that

27 defendants also denied "full and equal access" to disabled persons

28                                  -6-

81.

1   in other aspects at their facilities, and will amend this

2   Complaint, if necessary, according to proof, and upon the

3   opportunity for a full site inspection and further discovery.

4

5                            FIRST CAUSE OF ACTION
           DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A

6       PUBLIC ACCOMMODATION: INACCESSIBLE PUBLIC FACILITIES
    (19955 et. seq. Health & Safety Code, 51, et seq. Civil Code)

7

8   14. Plaintiff(s) alleges, and incorporates by reference, as if

9   fully set forth again herein, paragraphs 1 through 13 of this

10   Complaint.

11

12   15. Plaintiff(s) is a "person(s) with a disability" or "physically

13   handicapped person" (hereinafter, the words "physically

14   handicapped" and "physically disabled" are used interchangeably as

15   these words have similar or identical common usage and legal

16   meaning, but the legislative scheme in Part 5.5 Health & Safety

17   Code uses the term "physically handicapped persons", and the Unruh

18   Civil Rights Act, Sections 51 and 52 of the California Civil Code

19   and other statutory measures which refer to the protection of the

20   rights of "individuals with disabilities").

21

22   16. Plaintiff(s), and other similarly situated physically disabled

23   persons who require the use of a wheelchair, was/is unable to use

24   public facilities on a "full and equal" basis unless each such

25   facility is in compliance with the provisions of the Health and

26   Safety Code, Section 19955 et. seq. Plaintiff(s) is a member of

27   that portion of the public whose rights are protected by the

28                                  -7-

1    provisions of 19955 et. seq.  Health and Safety Code.  The acts and
2    omissions of defendants complained of herein were committed in the
3    COUNTY OF ALAMEDA, State of California.

4

5    17. Section 19955 of the Health and Safety Code was enacted "to
6    ensure that public accommodations or facilities constructed in this
7    state with private funds  adhere to the  provisions of  Chapter 7
8    (commencing with Section 4450) of Division 5 of Title 1 of the
9    Government Code".  Section 19955 also requires that, "when sanitary
10   facilities are made available for the public, clients or employees
11   in such accommodations or facilities, they shall be made available
12   for the physically handicapped".   Title 24, California Code of
13   Regulations, formerly known as the California Administrative Code,
14   was in effect at the time of each "alteration, structural repair or
15   addition" which, on information and belief, occurred at such public
16   facility since July 1, 1982, thus requiring access complying with
17   the specifications of Title 24 whenever each such "alteration,
18   structural repair or addition" is carried out, or a change in
19   occupancy occurs.   On information and belief, alterations which
20   additionally triggered access requirements also occurred between
21   July 1, 1970 and July 1, 1982, and required access pursuant to the
22   A.S.A. (American Standards Association) Regulations then in effect.

23

24   18. As a result of the denial of equal access to the facilities
25   due to the acts and omissions of defendants in owning, operating,
26   constructing, altering, and maintaining the subject facility,
27   plaintiff(s) suffered a violation of Civil Rights, including, but

28                                   -8-

83.

not limited to, rights under Sections 51, et seq, of the Civil
Code, and suffered physical injury, discomfort, pain, mental and
emotional shock, distress, embarrassment and humiliation, all to
his/her damages as hereinafter stated.  Defendants' actions and
omissions to act constituted discrimination against plaintiff(s) on
the sole basis that he/she was physically disabled and unable,
because of the violations created by the defendants,  to use the
facilities on a full and equal basis as other persons.
Plaintiff(s) also seeks trebling of all actual damages, general and
special, as provided by Section 54.3 of the Civil Code.  Claimed
damages are not limited to treble damages, but include all damages
allowable by law, including minimal statutory damages of $4,000.00
per occurrence, but not to exceed a total of $75,000.00.

19. As a result of defendants' acts and omissions in this regard,
plaintiff(s) have been required to incur litigation expenses, costs
and attorney fees, as provided by statute, in order to enforce
plaintiff(s)' rights and to enforce provisions of the law
protecting access for disabled persons and prohibiting
discrimination against disabled persons.  Plaintiff(s) therefore
seeks recovery of all reasonable attorney's fees and costs,
including multipliers, pursuant to the provisions of Section 54.3
of the Civil Code and case law.  Additionally, this lawsuit is
intended not only to obtain compensation for damages to
plaintiff(s), but also to require that those of the defendants who
own, operate or lease the building, make their facilities
accessible to all disabled members of the public, justifying an

-9-

1  award of "public interest" attorney's fees, litigation expenses and
2  costs pursuant to the provisions of Section 1021.5 of the Code of
3  Civil Procedure.

4

5                          SECOND CAUSE OF ACTION
                            INJUNCTIVE RELIEF
6                      (Government Code, Section 4450)
                    (Health & Safety Code, Section 19953)
7                         (Civil Code, Section 55)

8  20. The acts and omissions of the defendants who currently own,
9  operate, or lease the subject building and businesses, as
10 complained of herein, are continuing on a day by day basis to have
11 the effect of wrongfully excluding plaintiff(s) and other members
12 of the public who are physically disabled wheelchair users from
13 full and equal access to the facility. Such acts and omissions are
14 the cause of humiliation and mental and emotional suffering of
15 plaintiff(s) in that these actions continue to treat plaintiff(s)
16 as an inferior and second class citizen and serve to discriminate
17 against him/her on the sole basis that he/she is a person with
18 disabilities and requires the use of a wheelchair for movement in
19 public places. Plaintiff(s) is unable, so long as such acts and
20 omissions of defendant(s) continue, to achieve full and equal
21 access to and use of described public facilities. The acts of
22 defendants have proximately caused, and will continue to cause,
23 irreparable injury to plaintiff(s) and other disabled persons if
24 not enjoined by this court.

25

26 21. Wherefore, plaintiff(s) asks this court to preliminarily and
27 permanently enjoin any continuing refusal by those of the
28                                    -10-

85.

defendants which currently own, operate, or lease the subject premises, and building to grant such access to plaintiff(s), and to require such defendant(s) to comply forthwith with the applicable statutory requirements relating to access for the disabled. Such injunctive relief is provided by Government Code, Section 4450 et seq.; Section 19953 of the Health and Safety Code; and, California Civil Code, Section 55, all as hereinafter prayed for.

## PRAYER

Wherefore, plaintiff(s) Prays for Relief as hereinafter stated:

1. General and compensatory damages in an amount within the jurisdiction of the Superior Court, Unlimited Jurisdiction;

2. Statutory, general and punitive damages according to proof, including, but not limited to, minimum damages in the sum of $4,000 per plaintiff, per occurrence, as provided by California Civil Code, Section 52, total damages, not to exceed $75,000.00.

3. For attorney fees pursuant to 54.3 and 55 Civil Code, including a multiplier, Section 19953 of the Health and Safety Code, and Section 1021.5 of the California Code of Civil Procedure;

4. For injunctive relief prohibiting operation of the public facility, as a place of public accommodation, until the

-11-

1  defendant(s) provides full and equal access to disabled persons,

2  and requiring that such  access be immediately provided;

3

4  5.  For all costs of suit and litigation expenses;

5

6  6.  Such other and further relief as the court may deem just.

7

8

9  Dated: March 11, 2008

10                                   Nick V. Avtonomos
                                     Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  -12-

87.

Law Offices of Nick V Avtonomoff
Attn: Avtonomoff, Nick V
P O Box 2471
Mill Valley, CA  94942

## Superior Court of California, County of Alameda

| Crow | No. RG08376519 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER |
| Barnes & Noble Booksellers, Inc. | Unlimited Jurisdiction |
| Defendant/Respondent(s) (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 07/29/2008<br>Time: 09:00 AM | Department: 16<br>Location: Administration Building<br>Third Floor<br>1221 Oak Street, Oakland CA 94612<br>Internet: http://www.alameda.courts.ca.gov | Judge: Lawrence John Appel<br>Clerk: Ana Liza Tumonong<br>Clerk telephone: (510) 267-6932<br>E-mail:<br>Fax:  (510) 267-1504 |
|---|---|---|

### ORDERS

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  Give notice of this conference to any party not included in this notice and file proof of service;
    c.  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/17/2008.

By _____

Deputy Clerk

88.

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG08376519
Case Title:    Crow VS Barnes & Noble Booksellers, Inc.
Date of Filing: 03/13/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| Judge: | Lawrence John Appel |
| Department: | 16 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland CA 94612 |
| Phone Number: | (510) 267-6932 |
| Fax Number: | (510) 267-1504 |
| Email Address: | |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Lawrence John Appel
DEPARTMENT 16

89.

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

### Schedule for Department 16

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Tuesdays through Thursdays from 9:45 a.m. to 4:30 p.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays through Fridays at 9:00 a.m.
- Case Management Conference Continuances: Tuesdays through Thursdays at 9:30 a.m.
- Law and Motion matters are heard: Mondays at 9:00 a.m. and 3:00 p.m.
- Settlement Conferences are heard: Fridays at 10:00 a.m.
- Ex Parte matters are heard: Tuesdays and Fridays at 9:00 a.m.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Phone:       (510) 267-6932

    Fax (510) 272-6171

- Ex Parte Matters
    Phone:       (510) 267-6932

    Fax (510) 272-6171

### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 16
- Phone: 1-866-223-2244

Dated: 03/14/2008

Executive Officer / Clerk of the Superior Court

By _____

Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/17/2008

By _____

Deputy Clerk

Page 3 of 3

91.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

1

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

2

### (No Intentional Discrimination – Cal. Civ. Code § 51)

3       6.      Plaintiff is not entitled to recover on the claims for relief under the Unruh Civil

4   Rights Act (Civil Code § 51) because Defendant has not engaged in any intentional

5   discrimination.

6

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

7

### (No Injury in Fact)

8       7.      Plaintiff's claims are barred on the ground and to the extent that Plaintiff has

9   suffered no injury in fact with respect to the facts alleged in the Complaint.

10

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

11

### (No Damages – Cal. Civ. Code §§ 52, 54.3(a))

12      8.      Plaintiff is not entitled to recover the damages sought in the Complaint because her

13  admittance to and enjoyment of the facility in question was not denied or interfered with by

14  Defendant.

15

## NINTH SEPARATE AND ADDITIONAL DEFENSE

16

### (No Duplicative Damages – Cal. Civ. Code § 54.3(c))

17      9.      Plaintiff is not entitled to recover damages under both Section 52 and Section 54.3

18  of the California Civil Code for the same act or failure to act.

19

## TENTH SEPARATE AND ADDITIONAL DEFENSE

20

### (Moot)

21      10.     Plaintiff's prayer for injunctive relief is moot and/or will be by the time this matter

22  is adjudicated.

23

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

24

### (Failure to Discharge Condition Precedent – Cal. Civ. Proc. Code § 1021.5)

25      11.     Plaintiff is not entitled to recover attorneys' fees pursuant to Code of Civil

26  Procedure § 1021.5 because she did not discharge the condition precedent for recovery of such

27  fees.

28

<div align="center">3</div>

ANSWER OF BARNES & NOBLE
BOOKSELLERS, INC.



1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone:   (310) 445-4400
5  Facsimile:   (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF ALAMEDA

11                                          **FILED BY FAX**

12  SUSANA CROW,                    Case No. RG08-376519

13        Plaintiff,                [Assigned for all purposes to the Hon.
                                    Lawrence John Appel]
14        v.
                                    **ANSWER OF BARNES & NOBLE
15  BARNES & NOBLE BOOKSELLERS, INC., a    BOOKSELLERS, INC.**
    Delaware corporation; , and DOES 1 through 10,
16  inclusive,                      Complaint Filed:  March 13, 2008

17        Defendants.

18

19

20

21        Defendant Barnes & Noble Booksellers, Inc. ("Defendant"), by and through the

22  undersigned counsel, responds to the allegations in the unverified complaint (the "Complaint")

23  filed by plaintiff Susana Crow ("Plaintiff") as follows:

                        **GENERAL DENIAL**

24

25        Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant denies

26  each and every material allegation of the Complaint and further denies that Plaintiff is entitled to

27  any relief as alleged in the Complaint or at all.

28

                                    ANSWER OF BARNES & NOBLE
                                    BOOKSELLERS, INC.

**ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 4 2008

CLERK OF THE SUPERIOR COURT**

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, 11th Floor
Los Angeles, California 90024

**EXHIBIT B**

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, 11ᵗʰ floor
Los Angeles, California 90024

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SEPARATE AND ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint, Defendant alleges each of the following as separate and additional defenses, expressly reserving all of its rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them:

### FIRST SEPARATE AND ADDITIONAL DEFENSE

#### (Alterations Not Required/Excused)

1.    Plaintiff's claims are barred on the ground and to the extent that Plaintiff's requested alterations are not required or are excused by operation of the relevant statues, regulations and guidelines.

### SECOND SEPARATE AND ADDITIONAL DEFENSE

#### (Not Readily Achievable)

2.    Plaintiff's claims are barred on the ground and to the extent that barriers to access are not readily achievable.

### THIRD SEPARATE AND ADDITIONAL DEFENSE

#### (Pre-Code Construction, Alteration)

3.    Defendant is not obligated to address the barriers alleged in the Complaint to the extent that the structures at issue were constructed and/or altered before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

### FOURTH SEPARATE AND ADDITIONAL DEFENSE

#### (Substantial Compliance)

4.    Plaintiff is not entitled to recover on the claim for relief in this action because Defendant has completely or substantially complied with all applicable requirements.

### FIFTH SEPARATE AND ADDITIONAL DEFENSE

#### (Justification/Excuse)

5.    The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiff has sued.

///

2

ANSWER OF BARNES & NOBLE
BOOKSELLERS, INC.

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

12.    The Complaint, and each purported claim for relief alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

13.    The Complaint, and each purported claim for relief alleged in the Complaint, is barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel)

14.    The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff is estopped from seeking recovery from Defendant because, among other things, Plaintiff has acted in a manner inconsistent with having enforceable rights as against Defendant.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Waiver)

15.    The Complaint, and each purported claim for relief alleged in the Complaint, fails because Plaintiff has waived any right to recovery by taking actions that are inconsistent with the ownership and exercise of the rights claimed in the Complaint.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Right to Attorneys' Fees – Unreasonably Incurred or Excessive)

16.    Plaintiff is not entitled to recover attorneys' fees from Defendants as alleged in the Complaint. In the alternative, to the extent that Plaintiff is entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Attorneys' Fees – Failure to Satisfy Elements of Statute)

17.    Plaintiff is not entitled to recover attorneys' fees for failure to satisfy the necessary

4

1   elements of prevailing on a claim for attorneys' fees under the statutes alleged.

2                    EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

3                                      (Standing)

4       18.    Plaintiff lacks standing to receive all of the relief she seeks in the Complaint.

5                                  PRAYER FOR RELIEF

6   WHEREFORE, Defendant prays as follows:

7       1.    That Plaintiff take nothing by reason of her Complaint;

8       2.    That Defendant be awarded judgment in this action and the Complaint be dismissed

9   with prejudice;

10      3.    For reasonable attorneys' fees and costs of suit incurred in this action; and

11      4.    For such other and further relief as the Court may deem just and proper.

12

13

14  Dated: June 4, 2008                 Respectfully submitted,

15                                       EISENBERG RAIZMAN THURSTON & WONG LLP
                                         David H. Raizman
16                                       Melissa B. Bonfiglio

17

18                                       By: _____

19                                              Melissa B. Bonfiglio
                                                Attorneys for Defendant
20                                              Barnes & Noble Booksellers, Inc.

21

22

23

24

25

26

27

28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd, 11th floor
Los Angeles, California 90024

                                           5

                                                    ANSWER OF BARNES & NOBLE
                                                    BOOKSELLERS, INC.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 4, 2008, I served the foregoing document, described as ANSWER OF BARNES & NOBLE BOOKSELLERS, INC. on each interested party in this action, as follows:

Nick V. Avtonomoff, Esq.                    Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff           Phone (415) 380-072
P.O. Box 2471                               Fax (415) 388-2161
Mill Valley, CA  94942

☒        (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐        (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 4, 2008, at Los Angeles, California.

_Mary Avila_

Mary T. Avila

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 WILSHIRE BLVD., 11TH FLOOR
LOS ANGELES, CALIFORNIA 90024

6

COPY

1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California 90024
   Telephone:  (310) 445-4400
5  Facsimile:   (310) 445-4410

6  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12

13  SUSANA CROW,                          Case No.
                                          C08  02834
14            Plaintiff,                                   EMC
                                          BARNES & NOBLE
15       v.                               BOOKSELLERS, INC.'S
                                          DISCLOSURE STATEMENT
16  BARNES & NOBLE BOOKSELLERS,           PURSUANT TO FEDERAL RULE
    INC., a Delaware corporation; , and   OF CIVIL PROCEDURE 7.1
17  DOES 1 through 10, inclusive,

18

19            Defendants.

20

21

22

23

24

25

26

27

28

16102

DISCLOSURE STATEMENT

98.

FILING
ORIGINAL FILED
AUR
JUN - 6 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California

1    TO THE CLERK OF THE COURT AND TO ALL PARTIES AND THEIR

2  ATTORNEYS OF RECORD:

3    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, defendant

4  Barnes & Noble Booksellers, Inc. states that:

5    Barnes & Noble Booksellers, Inc. is a fully-owned subsidiary of Barnes &

6  Noble, Inc., a publicly held corporation.

7

8

9  Dated:  June 5, 2008          Respectfully submitted,

10                                EISENBERG RAIZMAN THURSTON & WONG LLP
11                                David H. Raizman
                                 Melissa B. Bonfiglio
12

13                           By: _MBBonf8hb_____
14                                   Melissa Bonfiglio
15                                   Attorneys for Defendant
                                    Barnes & Noble Booksellers, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

DISCLOSURE STATEMENT

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

<u>**PROOF OF SERVICE**</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd., Eleventh Floor, Los Angeles, California 90024.

On June 6, 2008, I served the foregoing document, described as **BARNES & NOBLE BOOKSELLERS, INC.'S DISCLOSURE STATEMENT** on each interested party in this action, as follows:

Nick V. Avtonomoff, Esq.                    Attorneys for Susana Crow
Law Offices of Nick V. Avtonomoff           Phone (415) 380-072
P.O. Box 2471                               Fax (415) 388-2161
Mill Valley, CA  94942

☒      (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒      (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2008, at Los Angeles, California.

_Mary T. Avila_
Mary T. Avila

<div style="writing-mode: vertical">EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024</div>

3

DISCLOSURE STATEMENT

COPY

1  EISENBERG RAIZMAN THURSTON & WONG LLP
   David H. Raizman (SBN 129407)
2  draizman@ertwllp.com
   Melissa B. Bonfiglio (SBN 223172)
3  mbonfiglio@ertwllp.com
   10880 Wilshire Boulevard, Eleventh Floor
4  Los Angeles, California  90024
   Telephone:  (310) 445-4400
5  Facsimile:  (310) 445-4410

6

7  Attorneys for Defendant
   Barnes & Noble Booksellers, Inc.

8

9

10            UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA

12

13  SUSANA CROW,                      C08  02834

14            Plaintiff,                            EMC

15       v.                      BARNES & NOBLE
                                 BOOKSELLERS, INC.'S
16                               CERTIFICATION OF INTERESTED
                                 ENTITIES AND PERSONS
17  BARNES & NOBLE BOOKSELLERS,   [Civ. Local Rule 3-16]
    INC., a Delaware corporation; , and
18  DOES 1 through 10, inclusive,

19
              Defendants.
20

21

22

23

24

25

26

27

28

16099

1    Pursuant to this Court's Civil Local Rule 3-16, the undersigned certifies that
2    the following listed persons, associations of persons, firms, partnerships,
3    corporations (including parent corporations) or other entities (i) have a financial
4    interest in the subject matter in controversy or in a party to the proceeding, or (ii)
5    have a non-financial interest in that subject matter or in a party that could be
6    substantially affected by the outcome of this proceeding:
7        Susana Crow -- Plaintiff
8        Barnes & Noble Booksellers, Inc. -- Defendant
9        Barnes & Noble, Inc. -- Parent corporation of Barnes & Noble Booksellers,
10       Inc.
11
12   Dated:  June 5, 2008            Respectfully submitted,
13                                   EISENBERG RAIZMAN THURSTON & WONG LLP
14                                   David H. Raizman
                                     Melissa B. Bonfiglio
15
16
17   By: _____
                                        Melissa Bonfiglio
18                                      Attorneys for Defendant
19                                      Barnes & Noble Booksellers, Inc.
20
21
22
23
24
25
26
27
28

EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., 11th floor
Los Angeles, California 90024

2

1

## PROOF OF SERVICE

2

3        I am employed in the County of Los Angeles, State of California. I am over the age
of 18 and not a party to the within action. My business address is 10880 Wilshire Blvd.,
4  Eleventh Floor, Los Angeles, California 90024.

5        On June 6, 2008, I served the foregoing document, described as CERTIFICATION
OF INTERESTED ENTITIES OR PERSONS on each interested party in this action, as
6  follows:

7

8    Nick V. Avtonomoff, Esq.                    Attorneys for Susana Crow
     Law Offices of Nick V. Avtonomoff           Phone (415) 380-072
9    P.O. Box 2471                               Fax (415) 388-2161
     Mill Valley, CA  94942

10

11       ☒      (BY MAIL) I placed a true copy of the foregoing document in a sealed
envelope addressed to each interested party as set forth above. I placed each such
12  envelope, with postage thereon fully prepaid, for collection and mailing at Eisenberg
Raizman Thurston & Wong LLP in Los Angeles, California. I am readily familiar with
13  Eisenberg Raizman Thurston & Wong LLP's practice for collection and processing of
correspondence  for mailing with the United States Postal Service. Under that practice, the
14  correspondence would be deposited in the United States Postal Service on that same day in
the ordinary course of business.
15

16       ☒      (FEDERAL ONLY) I declare that I am employed in the office of a member
of the bar of this Court at whose direction the service was made.
17

18       I declare under penalty of perjury that the foregoing is true and correct.

19       Executed on June 6, 2008, at Los Angeles, California.

20

21                                            _Mary T. Avila_

22                                            Mary T. Avila

23

24

25

26

27

28

3

COPY

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
SUSANA CROW, an individual

### DEFENDANTS
BARNES & NOBLE BOOKSELLERS, INC., a Delaware corporation

C08 02834 ADR

EMC

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nick V. Avtonomoff (SBN 63713)
P.O. Box 2471
Mill Valley, CA 94612-4280

Attorneys (If Known)
David Raizman (129407) Melissa Bonfiglio (223172)
EISENBERG RAIZMAN THURSTON & WONG LLP
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
Tel: (310)445-4400 Fax: (310)445-4410

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 480 Consumer Credit |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | | | |
| | [X] 440 Other Civil Rights | [ ] 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1441(a); 28 U.S.C. section 1332

Brief description of cause: Violation of California statutes relating to access for disabled persons

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ injunctive relief and unstated damages
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE June 6, 2008

SIGNATURE OF ATTORNEY OF RECORD Melissa Bonfiglio

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

104.

# . COMMENCEMENT AND ASSIGNMENT OF ACTION

## 3-1. Regular Session.

The Court shall be in continuous session in the following locations: San Francisco Division, Oakland Division and San Jose Division. From time to time sessions may be held at other locations within the district as the Court may order.

## 3-2. Commencement and Assignment of Action.

**(a) Civil Cover Sheet.** Every complaint, petition or other paper initiating a civil action must be filed with a completed civil cover sheet on a form approved by the Court.

### Cross Reference

> See Civil L.R. 3-6(c) *"Jury Demand; Marking of Civil Cover Sheet Insufficient;"* Civil L.R. 3-7(a) *"Civil Cover Sheet Requirement in Private Securities Actions"*

**(b) Commencement of Action.** An action may be commenced within the meaning of FRCivP 3 at any office of the Clerk for this district. After the matter has been assigned to a Judge, unless ordered or permitted otherwise, all subsequent filings must be made in the Office of the Clerk at the division or location where the assigned Judge maintains chambers.

**(c) Assignment to a Division.** Pursuant to the Court's Assignment Plan, except for Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions, upon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated. Actions in the excepted categories shall be assigned on a district-wide basis.

105.

**(d) San Francisco and Oakland.** Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division.

**(e) San Jose.** Except as provided in Civil L.R. 3-2(c), all civil actions which arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division.

**(f) Transfer of Actions and Proceedings.** Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

**3-3. Assignment of Action to a Judge.**

**(a) Assignment.** Immediately upon the filing of any civil action and its assignment to a division of the Court pursuant to Civil L.R. 3-2, the Clerk shall assign it to a Judge pursuant to the Assignment Plan of the Court. The Clerk may not make or change any assignment, except as provided in these local rules or in the Assignment Plan (General Order No. 44).

**(b) Multiple Filings.** Any single action filed in more than one division of this Court shall be transferred pursuant to Civil L.R. 3-2(f).

**(c) Refiled Action.** If any civil action or claim of a civil action is dismissed and is subsequently refiled, the refiling party must file a Motion to Consider Whether Cases Should be Related pursuant to Civil L.R. 3-12. Upon a determination by a Judge that an action or claim



United States District Court

Northern District of California

# Consenting To A

# Magistrate Judge's

# Jurisdiction

# In The Northern District

# Of California

107.

# Table of Contents

A Message from the Chief Judge of the
U.S. District Court ............................................... 3

How Consent Jurisdiction Works ............................. 5

Potential Benefits of Consenting To Magistrate Judge
Jurisdiction ............................................................ 6

Magistrate Judge Brazil ......................................... 8

Magistrate Judge Chen ........................................... 9

Magistrate Judge James ......................................... 10

Magistrate Judge Laporte ....................................... 11

Magistrate Judge Larson ........................................ 12

Magistrate Judge Lloyd .......................................... 13

Magistrate Judge Seeborg ...................................... 14

Magistrate Judge Spero .......................................... 15

Magistrate Judge Trumbull ..................................... 16

Magistrate Judge Vadas .......................................... 17

Magistrate Judge Zimmerman ................................. 18

## A Message from the Chief Judge
## of the U.S. District Court

As you embark on civil litigation in the United States District Court for the Northern District of California—whether as a party to a lawsuit or as an attorney—I encourage you to familiarize yourself with the range of services provided by the court's magistrate judges and especially to consider consenting to have a magistrate judge handle all aspects of your case, up to and including dispositive motions, jury or court trial and the entry of judgment.

The Northern District is one of the few federal trial courts in the country to assign a wide range of civil cases directly to magistrate judges upon filing. As a consequence, the magistrate judges have direct experience with nearly all types of civil matters filed in our court. Because our court is very busy, agreeing to proceed before a magistrate judge often means that the case will be resolved more quickly than if the case remained before a district judge. While consent is customarily given soon after a case is filed, parties may consent to have a magistrate judge preside over their case at any point in the proceedings.

Every magistrate judge in the Northern District underwent a highly competitive selection process and had years of litigation experience before being appointed to the bench. As the biographies that follow demonstrate, each is active in law school teaching and continuing legal education for attorneys. Many have been appointed to important committees within the federal courts.

3

Most have completed at least one term as a magistrate judge and have been reappointed based on detailed, confidential feedback from the bar establishing satisfaction with their work—including their work on dispositive motions and trials. Combined, the Northern District's magistrate judges bring a total of 125 years of federal judicial experience to their work at our court. Each is equipped to handle the full range of issues presented to our court.

Vaughn R Walker

Chief Judge

4

110.

# HOW CONSENT JURISDICTION WORKS

Since 1979, the parties in a civil action have had the option of consenting to have all aspects of their case, including trial, handled by a United States magistrate judge.[1] The Northern District of California has been one of the leaders nationwide in implementing this process. When a civil action is filed in this District, ordinarily it will be randomly assigned for all purposes to either a district judge or a magistrate judge.[2] By local practice, a magistrate judge is assigned a civil caseload approximately 30% that of a district judge's civil caseload, in recognition of a magistrate judge's other duties, such as presiding over settlement conferences. Each magistrate judge typically has about 100 consent cases. In 2007, the magistrate judges completed handling almost 800 civil cases in which they had exercised consent jurisdiction. When a case is initially assigned to a magistrate judge, the plaintiff is given a form to use to either consent to or decline magistrate judge jurisdiction.[3] Plaintiff is also required to serve that form on each defendant. Each party should make a decision regarding magistrate judge jurisdiction as soon as possible, and in any event prior to the case management conference which is generally held about 100 days after the case is filed. Civil L.R. 73-1.

If all parties consent to magistrate jurisdiction, then the magistrate judge to whom the case is assigned will preside over all aspects of the case, through trial. F.R.Civ.P. 73(b). An appeal from the magistrate judge's rulings is made to the appropriate appellate court exactly as if the rulings were from a district judge. F.R.Civ.P. 73(c).

5

A civil case initially assigned to a district judge may also be reassigned to a magistrate judge if all parties consent to magistrate judge jurisdiction. The parties should expect the district judge to ask at the case management conference whether they have considered consenting to a magistrate judge jurisdiction.

Each magistrate judge has an assigned courtroom designed to accommodate civil jury trials. Each magistrate judge has at least one law clerk. Many have a second law clerk in lieu of a secretary.

Magistrate judges are fully integrated into the court's administration, serving on all court committees and chairing some of them.

## POTENTIAL BENEFITS OF CONSENTING TO MAGISTRATE JUDGE JURISDICTION

This District has always recruited experienced trial attorneys of the highest caliber who undergo a merit selection process before being appointed as a magistrate judge. Because of their diverse experiences while in practice and while presiding over civil matters including trials, this District's magistrate judges are able to preside over all types of civil litigation. The biographies of the current magistrate judges are set forth below.

Parties that consent to have their case tried before a magistrate judge will receive a date certain for trial. The right to a speedy trial in felony criminal matters requires district judges to give statutory priority to trying those cases, which can sometimes require that civil trial dates be moved. Unlike district judges, magistrate judges do not preside over felony criminal matters.

6

The historical experience in this District has been that our magistrate judges have virtually always met their scheduled trial dates. Because magistrate judges' trial dockets are generally less crowded than those of district court judges, they are often able to schedule a trial within a year of the filing of the complaint.

## ENDNOTES

1)  Federal Magistrate Act of 1979, 28 U.S.C § 636(c)(1).  See also F.R.Civ.P. 73(b).

2)  District Judges, sometimes called Article III Judges, are appointed by the President, confirmed with the advice and consent of the Senate and hold their position for life.  Magistrate Judges are appointed by the District Judges of each district following a merit selection process and serve for a period of eight years, subject to reappointment.

3)  If the case has been removed from state court, the form is given to the removing party, who is required to serve it on all other parties.

7

113.

# WAYNE D. BRAZIL



Magistrate Judge Wayne Brazil was appointed in 1984. He has been the Northern District's ADR Magistrate Judge since the late 1980's. He has presided over jury and court trials in a wide range of civil and criminal cases, including patent, trade secrets, trademark, commercial contract, civil rights, employment, personal injury, maritime, and tax. He has hosted more than 1,500 settlement conferences and published opinions in intellectual property, insurance, civil rights, maritime law, privileges, work product, civil discovery, and case management.

After receiving a B.A. from Stanford, Judge Brazil got his Ph.D. and M.A. from Harvard and his J.D. from Boalt Hall. He practiced civil litigation at Farella, Braun & Martel from 1975-1977. He then became a law professor at the University of California, Hastings College of the Law and at the University of Missouri. He taught civil procedure, constitutional law, criminal procedure, and civil rights from 1978 to 1984. He has authored books on the use of special masters in complex litigation and on settling civil suits, some 30 articles in legal periodicals, and the chapters on Rules 16 and 37 of the Federal Rules of Civil Procedure in Moore's Federal Practice, 3d Ed. He has served on the committees on Civil Rules and Evidence of the Judicial Conference of the United States and on the Ninth Circuit's ADR Committee.

8

## EDWARD M. CHEN



Magistrate Judge Edward M. Chen was appointed in 2001. He has presided over civil and criminal bench and jury trials, as well as hosted more than 500 settlement conferences. A 1975 Order of the Coif graduate of the University of California Boalt Hall School of Law, he clerked for the Honorable Charles B. Renfrew in the Northern District of California and then clerked for the Honorable James R. Browning in the Ninth Circuit Court of Appeals.

Judge Chen worked as a litigation associate at Coblentz, Cahen, McCabe & Breyer, and then as staff counsel of the ACLU Foundation of Northern California. He served as an officer of the California Asian American Judges Association, and as a Master of the Edward J. McFetridge American Inn of Courts. Chief Judge Schroeder of the Ninth Circuit appointed him to the Ninth Circuit Task Force on Self-Represented Litigants, and then as the chair of the Ninth Circuit Implementation Committee on Self-Represented Litigants. He was also appointed chair of the Federal Courts Committee on the California Commission on Access to Justice. He has published cases on discovery, privileges, civil procedure, civil and constitutional rights, international human rights, and criminal procedure. He has also published articles in the California Law Review, Asian Law Journal, George Mason Law Review, and Hastings Communications and Entertainment Law Journal. He has given presentations on such subjects as electronic discovery, patent litigation, employment law, civil rights, national security and constitutional rights, discrimination, case management, alternative dispute resolution, and Asian American legal history. He has taught and lectured on mediation and case management in India and Malaysia. In 2007, he was voted Judge of the Year by the Barristers Club of San Francisco.

## MARIA-ELENA JAMES



Magistrate Judge Maria-Elena James was appointed in 1994. She has presided over numerous cases and conducted thousands of settlement conferences. Outside the courtroom, she teaches a number of classes at three Bay Area law schools: University of California Hastings, University of San Francisco, and Golden Gate University. She also co-created a course called *The Roles of Referees and Commissioners* and taught the course, along with another course, at the California Judicial Education and Research College.

A 1978 graduate of the University of San Francisco Law School, she served as director of the Small Claims Court Education Project in the Consumer Fraud Unit of the San Francisco District Attorney's Office. She went on to serve as a deputy public defender in San Francisco, staff attorney for the National Labor Relations Board, and Deputy City Attorney as well as supervising attorney in San Francisco. She then served as a Commissioner in the San Francisco Superior Court for six years. She volunteers as a mock trial judge for all grades of students and serves as a mentor to law students. Her speaking engagements include a 2006 panel on Comparative Racial Justice at the University of Paris, Nanterre and the Assemblee Nationale.

10

116.

## ELIZABETH D. LAPORTE



Magistrate Judge Elizabeth Laporte was appointed in 1998. She has presided over numerous civil cases through trial or other disposition, including patent, trademark, copyright, employment, civil rights and environmental cases. She also has conducted over 1000 settlement conferences, handled criminal matters, and resolved discovery disputes.

A 1982 graduate of Yale Law School and a Marshall Scholar, with an M.A. in Politics and Economics from Oxford, she clerked for the Honorable Marilyn Hall Patel in the Northern District of California. She was a partner at the boutique litigation firm of Turner & Brorby, and an Administrative Law Judge for the California Department of Insurance. In 1996, she began serving as Chief of Special Litigation for the San Francisco City Attorney's Office, and was named a Lawyer of the Year by *California Lawyer*. She has authored articles on patent litigation and settlement in the *Northern California ABTL [Association of Business Trial Lawyers] Report*, and has written on e-discovery. She regularly speaks on patent litigation, settlement, e-discovery, jury trials, and other topics. She is a past chair of the Magistrate Judge Executive Board of the Ninth Circuit, and a current member of the Jury Trial Improvement Committee of the Ninth Circuit Court of Appeals, the Sedona Conference Working Group on Electronic Document Retention and Production, the Executive Committee of the Litigation Section of the Bar Association of San Francisco, and the Board of Governors for the Northern California Chapter of the Association of Business Trial Lawyers.

11

117.

## JAMES LARSON

 Magistrate Judge James Larson was appointed in 1997. He was appointed Chief Magistrate Judge in 2005 for a four year term. He has presided over criminal and civil cases, handled discovery and conducted settlement conferences in a variety of subject areas, including intellectual property, antitrust, contracts, civil rights, employment, environmental, class actions and other statutory liability. He has conducted more than 1,000 mediations and settlement conferences.

He received his undergraduate degree from Stanford University in 1965 and his J.D. from U.C.L.A. law school in 1968, where he was selected for the Moot Court Honors Program. Thereafter he worked in a number of small firms in Los Angeles and the Bay Area, handling admiralty, personal injury, civil rights and criminal matters before founding the law firm of Larson and Weinberg in San Francisco, where he remained until 1990. He then formed his own firm and worked on civil, criminal, trial and appellate cases. He has taught civil trials and criminal pre-trial procedure and has participated for many years in the Intensive Trial Advocacy Program at Cardozo Law School in New York.

Judge Larson has chaired or served on numerous court committees and has appeared on panels of judges and attorneys discussing e-discovery issues, settlement techniques, punitive damages, and bad faith litigation. In December, 2007, he and several other members of the court conducted a comprehensive mediation training program for the High Court Judges of Malaysia.

12

118.

## HOWARD R. LLOYD



Magistrate Judge Howard R. Lloyd was appointed in 2002. He has presided over a variety of civil and criminal trials and has extensive discovery as well as case-dispositive law and motion experience. He has presided over hundreds of settlement conferences in a wide variety of civil cases.

Judge Lloyd earned his undergraduate degree at the College of William and Mary, graduating Phi Beta Kappa, and his law degree from the University of Michigan Law School. He then worked as a civil trial and appellate lawyer for 30 years with a prominent San Jose law firm and personally tried many cases and argued dozens of appeals. He practiced in all areas, but especially employment, intellectual property, and commercial law. He then worked for 2 years as an independent and full time arbitrator and mediator. While in private practice Judge Lloyd was selected for voluntary service as an Early Neutral Evaluator (N.D. CA), mediator (California Court of Appeals), and Settlement Judge Pro Tem (Santa Clara County Superior Court). He is a frequent presenter at continuing education courses for attorneys and currently teaches at Santa Clara University Law School.

13

*119.*

## RICHARD SEEBORG

 Magistrate Judge Richard Seeborg was appointed in 2001. Since joining the Court, he has presided over numerous bench and jury trials and has conducted hundreds of settlement conferences on all manner of federal civil cases. Judge Seeborg received his B.A., *summa cum laude*, Phi Beta Kappa, from Yale College in 1978. He then went to Columbia University School of Law in 1981, where he was a Harlan Fiske Stone Scholar. Following graduation from law school he served as a law clerk to the Honorable Judge John H. Pratt, district court judge in Washington, D.C. In 1982, he joined Morrison & Foerster's San Francisco office in the litigation department, becoming a partner in 1987.

From 1991 to 1998, Judge Seeborg served as an Assistant U.S. Attorney for the Northern District of California in San Jose. In that capacity, he acted as lead prosecutor on a wide range of matters including complex white collar criminal cases. He re-joined Morrison & Foerster in March 1998, where he resumed a litigation practice in the fields of securities, intellectual property, and general commercial matters.

Judge Seeborg has been a member of the Adjunct Faculty at Santa Clara University School of Law where he has served as co-instructor for a course on Federal Criminal Litigation and has served as co-chair of the Federal Courts Committee of the Santa Clara County Bar Association and as a member of the Executive Committee of Magistrate Judges for the Ninth Circuit. At present, he is a member of the Working Group on Electronic Public Access for the United States Courts and a member the Ninth Circuit Jury Instructions Committee. He is a co-author of <u>Federal Pretrial Civil Procedure in California</u>, a four-volume treatise published by Lexis Nexis.

## JOSEPH C. SPERO



Magistrate Judge Joseph C. Spero was appointed in 1999. He has presided over criminal and civil trials in a variety of subject areas, including patent, employment, civil rights, commercial contract, trademark, and federal misdemeanor cases. He has participated in over 1000 settlement conferences. He serves as chairman of the court's Capital Habeas Committee, and as a member of the court's Technology and Practice Committees.

A 1981 graduate of Columbia University School of Law, he clerked for the United States Court of Appeals for the Ninth Circuit. He worked as an associate at Skadden, Arps, Slate, Meagher & Flom, and as associate then partner at Coblentz, Cahen, McCabe & Breyer (now Coblentz, Patch, Duffy & Bass). While in private practice, he trained as a mediator at Harvard Law School and served as a mediator in the Northern District's Alternative Dispute Resolution Program. He also served as a Judge Pro-Tem for the San Francisco County Superior Court. He served as pro bono counsel in a variety of cases, including federal capital habeas matters. As a result, he received the Thurgood Marshall Award from the Bar Association of the City of New York.

15

121.

## PATRICIA V. TRUMBULL



Magistrate Judge Patricia V. Trumbull was appointed in 1987. She served as Chief Magistrate Judge from 2001 to 2005. She has presided over numerous civil and criminal trials and thousands of settlement conferences.

Judge Trumbull received her undergraduate degree from University of California Davis and her law degree. at the Georgetown University Law Center in Washington, D.C. While at Georgetown, she interned at the Department of Justice. After graduating, she spent two years as a law clerk to the Honorable Spencer Williams of the U.S. District Court of Northern California. Following the clerkship, she worked for 12 years as an Assistant Federal Public Defender. She has served on numerous court committees and participated in many panel discussions on a variety of litigation issues.

16

122.

### BERNARD ZIMMERMAN



Magistrate Judge Bernard Zimmerman was appointed in 1995. With party consent, he has presided over a wide range of civil cases, including patent, trademark and copyright cases, class actions, contract and employment cases and civil rights, personal injury and admiralty cases. He has presided over more than 30 civil and criminal jury and bench trials and more than 1,000 settlement conferences. He chairs the court's Technology Committee and serves on the Media and Education Committees.

A 1970 graduate of the University of Chicago Law School, he clerked for the Honorable Frederick J.R. Heebe in the Eastern District of Louisiana and then taught law at the Louisiana State University Law Center. Returning to California, he was an associate and then partner at Pillsbury Madison & Sutro where he had a general litigation practice focusing on media, banking, construction, insurance and business issues. In 1995, he served as Legal Consultant to the Third Constitutional Convention of the Commonwealth of the Northern Mariana Islands. For the past two years, he has taught Federal Pretrial Litigation at Hastings College of the Law. He is a master of the Intellectual Property Inn of Court and has participated in numerous panels addressing issues such as ADR, class actions and discovery.

18